IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS,<br>　*Plaintiffs,*<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA.<br>　*Defendants*. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Elizabeth "Beth" Van Duyne and the State of Texas seek relief from this Court against Defendants United States of America, Centers for Disease Control and Prevention (the "CDC"), Rochelle P. Walensky (in her official capacity as Director of the CDC), Sherri A. Berger (in her official capacity as Chief of Staff of the CDC), United States Department of Health and Human Services ("HHS"), and Xavier Becerra (in his official capacity as Secretary of HHS) (collectively, the "Defendants"). Plaintiffs challenge the constitutionality and statutory authority of Defendants' mandate for people to wear masks while on commercial airlines, conveyances, and at transportation hubs (the "Mask Mandate" or "Order"),[1] and would show the Court as follows:

---

[1] *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021), available at https://www.govinfo.gov/content/pkg/FR-2021-02-03/pdf/2021-02340.pdf.

## PARTIES

1. Plaintiff Beth Van Duyne is an individual who resides in Texas within the boundaries of the United States District Court for the Northern District of Texas.

2. Plaintiff the State of Texas is a sovereign State of the United States of America.

3. Defendant United States of America is a government entity.

4. Defendant CDC is an agency of the United States located within HHS.

5. Defendant Rochelle P. Walensky is the Director of the CDC and, pursuant to 42 CFR 70.2, is charged with determining whether measures taken by a State's health authorities are insufficient to prevent the interstate spread of communicable diseases. She is sued in her official capacity.

6. Defendant Sherri A. Berger is the Chief of Staff for the CDC and is responsible for the challenged agency action taken pursuant to the Mask Mandate. She is sued in her official capacity.

7. Defendant HHS is an Agency of the United States.

8. Defendant Xavier Becerra is the agency head of HHS and is sued in his official capacity.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the United State Constitution; 28 U.S.C. § 1346(a)(2), because this suit constitutes a civil action against an executive department of the United States; and 5 U.S.C. §§ 702 and 706 (providing for judicial review of agency action), because this matter involves questions arising under the Administrative Procedure Act.

10. This Court has the authority to grant declaratory relief under 28 U.S.C. § 2201 and preliminary and permanent injunctive relief under 28 U.S.C. § 2202.

11. Venue is proper within this judicial district and division pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions asserted by Plaintiffs arose within this judicial district. Venue is proper in the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 124(a)(2).

## FACTS

### A. *The Mask Mandate Order*

12. On January 29, 2021, Defendant Berger issued the Mask Mandate requiring the wearing of masks by people on public transportation conveyances or on the premises of transportation hubs. The Order became effective on February 3, 2021, upon its publication in the Federal Register, and remains in effect "unless modified or rescinded" or "until the Secretary of Health and Human Services rescinds the determination under section 319 of the Public Health Act (42 U.S.C. 247d) that a public health emergency exists." 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021).

13. The Mask Mandate requires people traveling on conveyances into and within the United States to wear masks over the nose and mouth. *Id.*

14. People must also wear masks at transportations hubs. *Id.*

15. A "conveyance" is defined as "an aircraft, train, road vehicle, vessel . . . or other means of transport, including military," and also includes rideshare arrangements. *Id.* at 8027.

16. A "transportation hub" is defined as "any airport, bus terminal, marina, seaport or other port, subway station, terminal (including any fixed facility at which passengers are picked-

up or discharged), train station, U.S. port of entry, or any other location that provides transportation subject to the jurisdiction of the United States." *Id.*

17. A "mask" is defined as "a material covering the nose and mouth of the wearer, excluding face shields." *Id.*

18. The Order requires conveyance operators and transportation hub operators to enforce it. *Id.* at 8026.

19. The stated objective of the Mask Mandate is "[m]itigating the further introduction, transmission, and spread of COVID-19 into the United States and from one state or territory into any other state or territory[.]" *Id.* at 8027.

20. In particular, the Order states that "[m]asks help prevent people who have COVID-19, including those who are pre-symptomatic or asymptomatic, from spreading the virus to others." *Id.* at 8028.

21. However, the Order provides no findings that show masks have limited the interstate spread of COVID-19 through conveyances and transportation hubs.

22. Additionally, the Mask Mandate is not limited to individuals who have been infected or exposed to COVID-19.

23. The Mask Mandate has limited exemptions, such as children under two years and people who cannot wear a mask because of a disability. *Id.* at 8027-28. The Mask Mandate also does not apply in a few limited circumstances, such as when a person is eating, drinking, taking medication, when wearing of oxygen masks on airplanes is required, or when unconscious or incapacitated. *Id.*

24. The Mask Mandate states that it was not subject to notice and comment and a delay in effective date because "good cause" existed to forgo it. *Id.* at 8030.

25. Violating the Mask Mandate carries criminal penalties: "While this Order may be enforced and CDC reserves the right to enforce through criminal penalties, CDC does not intend to rely primarily on these criminal penalties but instead strongly encourages and anticipates widespread voluntary compliance as well as support from other federal agencies in implementing additional civil measures enforcing the provisions of this Order, to the extent permitted by law and consistent with President Biden's Executive Order of January 21, 2021 (Promoting COVID–19 Safety in Domestic and International Travel)." *Id.* at 8030 n.33.

26. In June 2021, the CDC announced that it will not enforce wearing a mask in outdoor areas of conveyances and transportation hubs. *See* Centers for Disease Control and Prevention, *Summary of Recent Changes*, https://www.cdc.gov/coronavirus/2019-ncov/travelers/face-masks-public-transportation.html (last accessed February 15, 2022).

    **B.**  *Plaintiffs' Standing*

27. Plaintiff Van Duyne lives within the boundaries of the United States District Court for the Northern District of Texas and also represents Texas's 24th Congressional District as an elected member of Congress.

28. Plaintiff frequently travels via commercial airlines subject to the Order. She averages more than 80 flights per year, including frequent trips to Washington, D.C., as well as personal travel.

29. Plaintiff does not fall into any of the categories of people exempt from the Mask Mandate and is required by the Order to wear a face covering while on flights and at airports.

30. Plaintiff would choose not to wear a mask while at an airport or on a flight if it was not required.

31.     Plaintiff's nearest major airport is the Dallas Fort Worth International Airport ("DFW"). When she travels, she flies into or out of DFW almost exclusively.

32.     DFW is located primarily in Tarrant County, Texas.

33.     DFW is currently enforcing the Mask Mandate.

34.     In short, Plaintiff Van Duyne is a party directly regulated by the Mask Mandate.

35.     Plaintiff the State of Texas is a sovereign State of the United States of America.

36.     The State, through the executive orders of its Governor, has determined that Texans can choose for themselves whether to wear masks and that Texas businesses cannot be required by State or local governmental entities to impose masking requirements.

37.     The Mask Mandate contains no mention of Texas and no finding that Texas has failed to implement sufficient measures to prevent the spread of COVID-19. *Cf.* 42 C.F.R. § 70.2.

38.     The Mask Mandate extends to conveyances and transportation hubs within Texas, regardless of whether passengers are bound for destinations in other States.

39.     Defendants' Mask Mandate encroaches on the authority of the State within its jurisdiction, even as to purely intrastate travel.

## COUNT I

### AGENCY ACTION NOT IN ACCORDANCE WITH LAW AND IN EXCESS OF AUTHORITY
### (Violation of the Administrative Procedure Act)

40.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

41.     Under the Administrative Procedure Act (the "APA"), a court must "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory . . . authority, or limitations, or short of statutory right." *See* 5 U.S.C. § 706(2)(A), (C).

42. The Mask Mandate purports to derive its statutory and regulatory authority from 42 U.S.C. § 264, 42 C.F.R. §§ 70.2 (the regulation implementing § 264), 71.31(b), 71.32(b).

43. The Mask Mandate is in excess of that authority in several ways.

44. None of these statutes or regulations authorize the CDC to make or enforce regulations that amount to a blanket preventative measure against people that may or may not carry infectious disease. Such a broad reading of the statute would be "tantamount to creating a general federal police power." *Skyworks, Ltd. v. CDC*, 524 F. Supp. 3d 745, 758 (N.D. Ohio March 10, 2021).

45. Additionally, Sections 264 and 70.2 require the CDC to act only once it "determines that the measures taken by health authorities of any State . . . are insufficient to prevent the spread of any of the communicable diseases from such State . . . to any other State." 42 C.F.R. § 70.2. The CDC made no sufficient findings on this point.

46. Third, the CDC's claim of authority under 42 U.S.C. § 264(a) does not take into account the limiting language found in the subsection. A statute must be read in context. Section 264(a) grants the CDC the authority to "make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession." This grant of authority is cabined by the language found in the next sentence: "For purposes of carrying out and enforcing such regulations, the [CDC] may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary." 42 U.S.C. § 264(a). That is, the catchall phrase "other measures" is limited to "the kinds of measures" like the ones listed in

the statute. *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2488-89 (2021). A mask mandate for all people of unknown infection status is not like the measures listed in the statute.

47. Lastly, the CDC's interpretation of 42 U.S.C. § 264 ignores the structure of the statute. The Mask Mandate repeatedly relies on § 264(a) for authority. But § 264(a) only allows the CDC to impose specific restrictions on property interests. The Mask Mandate is a restriction on travelers' liberty interests, an issue addressed by § 264(d). Section 264(d) only applies to "any individual reasonably believed to be infected with a communicable disease" and allows for apprehension and examination in that circumstance. Read as a whole, it is clear that the "other measures" clause found in § 264(a) does not allow the CDC to restrict travelers' liberty interest by requiring them to wear a mask.

## COUNT 2

### AGENCY ACTION VIOLATES THE NONDELEGATION DOCTRINE
(Violation of U.S. Const. Art. I, § 1)

48. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

49. Article I, Section I of the U.S. Constitutions says, "[a]ll legislative powers herein granted shall be vested in a Congress of the United States." In addition to the Mask Mandate exceeding the authority granted to the CDC under 42 U.S.C. § 264 and the relevant regulations, it also constitutes an unconstitutional delegation of legislative power to the CDC.

50. In order to comply with the nondelegation doctrine, a statute must: (1) delineate a general policy; (2) the agency to apply it; and (3) the boundaries of the delegated authority. *See Mistretta v. United States*, 488 U.S. 361, 372-73 (1989). The boundaries of the delegated authority must meaningfully constrain the Executive branch's discretion.

51. 42 U.S.C. § 264 does not provide adequate boundaries that meaningfully constrain the agency's authority. Accordingly, it violates the nondelegation doctrine.

### INJUNCTIVE RELIEF ALLEGATIONS

52. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

53. Plaintiff Van Duyne alleges that both on its face and as applied, the Mask Mandate violates her constitutional rights and her right to be free from unlawful regulations.

54. Plaintiff Van Duyne will be irreparably harmed unless this Court enjoin Defendants from enforcing the Mask Mandate.

55. Plaintiff Van Duyne has no plain, speedy, and adequate remedy at law to prevent the Defendants from enforcing the Mask Mandate.

56. If not enjoined by this Court, Defendants will continue to enforce the Mask Mandate in violation of Plaintiff Van Duyne's rights.

57. Accordingly, injunctive relief is appropriate.

### DECLARATORY RELIEF ALLEGATIONS

58. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

59. An actual and substantial controversy exists between Plaintiffs and Defendants as to their legal rights and duties with respect to whether the Mask Mandate exceeds the CDC's statutory authority or violates the United States Constitution.

60. The case is presently justiciable because the Mask Mandate applies to Plaintiff Van Duyne on its face, and Plaintiff would face sanctions if she did not comply.

61. Declaratory relief is therefore appropriate to resolve this controversy.

**PRAYER FOR RELIEF**

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, it is appropriate and proper that a declaratory judgment be issued by this Court, declaring that the Mask Mandate is beyond the CDC's statutory authority or is unconstitutional.

Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that the Court issue preliminary and permanent injunctions prohibiting Defendants from enforcing the Mask Mandate.

WHEREFORE, Plaintiffs pray for judgment against Defendants and that the Court:

(1) Declare that the Mask Mandate is beyond the CDC's statutory authority because 42 U.S.C. § 264 does not authorize it;

(2) Declare that the Mask Mandate is invalid under the Administrative Procedure Act, 5 U.S.C. § 706, because it is in excess of statutory authority;

(3) Declare that the Mask Mandate is a violation of the separation of powers, specifically the nondelegation doctrine of the U.S. Constitution;

(4) Hold unlawful and set aside the Mask Mandate;

(5) Issue a preliminary injunction against the Defendants, as well as all agents, administrators, employees, or other persons acting on behalf of the Defendants, from enforcing the Mask Mandate;

(6) Issue a permanent injunction against the Defendants, as well as all agents, administrators, employees, or other persons acting on behalf of the Defendants, from enforcing the Mask Mandate;

(7) Award Plaintiffs their costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney fees pursuant to 28 U.S.C. § 2412; and

(8)     Grant such other and further relief as the Court deems equitable, just, and proper.

                                        Respectfully submitted,

                                        */s/Matthew Miller*
                                        ROBERT HENNEKE
                                        Texas Bar No. 24046058
                                        rhenneke@texaspolicy.com
                                        MATTHEW MILLER
                                        Texas Bar No. 24046444
                                        mmiller@texaspolicy.com
                                        TEXAS PUBLIC POLICY FOUNDATION
                                        901 Congress Avenue
                                        Austin, Texas 78701
                                        Telephone:     (512) 472-2700
                                        Facsimile:      (512) 472-2728

                                        *Attorneys for Plaintiff Van Duyne*

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**AARON REITZ**
Deputy Attorney General for Legal Strategy

**MURTAZA SUTARWALLA**
Deputy Attorney General for Legal Counsel

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief, General Litigation Division

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Assistant Attorney General
Texas Bar No. 24087727
christopher.hilton@oag.texas.gov

Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**COUNSEL FOR STATE OF TEXAS**