IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS,<br>      *Plaintiffs,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-cv-00122-O |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA.<br>      *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

On February 16, 2022, the Court ordered the parties to meet and confer to prepare a status report that provides the Court with a proposed briefing schedule and a hearing date for Plaintiff Van Duyne's Motion for Preliminary Injunction (ECF No. 3, the "Motion"). (ECF No. 6).

The parties have conferred, but have been unable to agree to a briefing schedule. The parties' proposals are as follows:

- Plaintiffs Van Duyne and the State of Texas's proposed briefing schedule would require a response to the motion for preliminary injunction, from Defendants, by February 28, a reply from Plaintiff by March 4, and set oral argument the week of March 7.[1]

---

[1]    The State of Texas did not join the motion for a preliminary injunction, but supports Plaintiff Van Duyne's proposed briefing schedule and opposes Defendants' proposal.

- Defendants' proposal would require a response by March 4, a reply from Plaintiff by March 9, and any oral argument at the Court's convenience, if necessary.

The parties also respectfully request that Defendants' obligation to answer or otherwise respond to the complaint be stayed pending the Court's resolution of Plaintiff's motion for a preliminary injunction.

**Plaintiff Van Duyne's position**

As argued in the Motion, the CDC's Mask Mandate[2] for transportation hubs and conveyance is unlawful. Because it is not enjoined, Plaintiff will face irreparable harm every time she travels by commercial air. The Court recognized this already by ordering the parties to meet and confer about a proposed briefing schedule, rather than rely on the deadlines in the local rules. Accordingly, expeditious briefing is in the interest of justice.

First, there will be no adequate legal remedy if Plaintiffs win this case on the merits. Plaintiff regularly travels by airplane due to her duties as a Congresswoman. In fact, she has nine flights booked between now and the end of March, and she will undoubtedly book more in the near future. Once she is forced to wear a mask on these flights against her choice, there will be no way to remedy that harm because money damages are not available.

Second, the Motion is not overly complicated. The Motion only raises two issues. The first issue is a straightforward statutory interpretation issue, where there is ample recent guidance from appellate courts (including the Supreme Court). The second issue challenges the CDC's interpretation under the nondelegation doctrine. Additionally, the motion presents a

---

[2]     *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021), *available at* https://www.govinfo.gov/content/pkg/FR-2021-02-03/pdf/2021-02340.pdf.

straightforward legal challenge without the need for discovery or any other kind of factual development.

Third, opposing counsel advises that they are currently litigating three other preliminary injunction motions involving this order, though those cases are factually distinct and based on medical exemptions. Therefore, Defendants are not unfamiliar with the legal landscape surrounding this order.

Additionally, though the Mask Mandate is about one year old and delay seeking an injunction "militates" against the need for preliminary relief, *Alvarez v. Tex. Educ. Agency*, 2020 U.S. Dist. LEXIS 231872, at \*16 (W.D. Tex. Dec. 9, 2020), the guidance and regulations surrounding masking during interstate travel have been unpredictable. The Mask Mandate was only instituted almost a full year after COVID-19 was declared a nationwide emergency. *See CDC Museum Timeline* (2022) (noting nationwide emergency declared March 13, 2020), *available at* https://www.cdc.gov/museum/timeline/covid19.html.

The Transportation and Security Administration (the "TSA") also has a parallel order that relies on the CDC's Mask Mandate. *See* SD1542-21-01 *available at* https://www.tsa.gov/sites/default/files/sd-1542-21-01.pdf. The first TSA order was set to expire May 11, 2021, *id.*, but was recently renewed. *See* SD 1542-21-01C *available at* https://www.tsa.gov/sites/default/files/sd-1542-21-01c.pdf. The CDC also recently signaled it would not change its federal mask guidance. *See* Sheryl Gay Stolberg, *"We Are Not There Yet": As States Drop Mask Rules, the C.D.C. Stands Firm*, The New York Times (Feb. 9, 2022) *available at https://www.nytimes.com/2022/02/09/health/mask-rules-cdc.html*. Given the unpredictable nature of the masking rules with the reasonable expectation that the Mask Mandate may soon end, any delay in filing suit by the Plaintiff was reasonable.

**Defendants' Position**

The Local Rules provide a defendant with twenty-one days to file a brief in response to a motion for a preliminary injunction. N.D. Tex. L.R. 7.1(e). Plaintiff offers no cogent reason to deviate from that default schedule, much less to decline Defendants' reasonable compromise—particularly given her extended delay in seeking relief. Although Plaintiff, a self-described "frequent flyer," now asserts that the challenged CDC order causes her irreparable harm, she has apparently been wearing a mask on commercial flights for over a year. *See* Decl. of Elizabeth Van Duyne, ECF No. 3, ¶ 3 (plaintiff takes "at least 40 round trips per year"). That "demonstrat[es] that there is no apparent urgency to the request for injunctive relief," and therefore no reason to brief it more quickly than the Local Rules require. *Gonannies, Inc. v. GoAuPair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (quoting *Wireless Agents, L.L.C. v. T–Mobile USA, Inc.*, 2006 WL 1540587, *3 (N.D. Tex. June 6, 2006) (internal citations and punctuation omitted)).

Plaintiff acknowledges her delay in filing suit, but asserts that because "the guidance and regulations surrounding masking during interstate travel have been unpredictable," she was justified in waiting until now to seek relief. But the only order challenged here has been in effect and unchanged for over a year. And Plaintiff is challenging not the rationality of that order, but the legal and constitutional authority of Defendants to issue it in the first place. On her theory, the order was unlawful from day one; the only difference between then and now is that Plaintiff would now choose not to wear a mask, if permitted. Van Duyne Decl. ¶ 6. This is not a sound basis for the Court to upend its established policies and procedures.

Although expedition is not warranted at all here, Defendants have proposed a reasonable compromise on scheduling that balances Plaintiff's desire to expedite proceedings with Defendants' need for a reasonable opportunity to address the motion in light of other competing

demands on the time of counsel for Defendants, including in six other cases challenging the same

order.[3] Each of these cases was filed prior to this one, and in four of them, the plaintiffs seek

preliminary relief on the ground that—unlike Plaintiff—they are unable to wear a mask, and thus

unable to fly, for medical reasons. Yet Plaintiff refused Defendants' proposal, which would have

given Defendants just four more days to oppose her motion. Instead, Plaintiff insists on an arbitrary

timetable under which she will fly three times before the parties have fully briefed the motion. Van

Duyne Decl. ¶ 4 (flights scheduled for February 26, February 28, March 3, March 7, March 10,

March 15, March 18, March 23, and March 28). This belies the alleged gravity of Plaintiff's

situation underlying the parties' scheduling disagreement.

Accordingly, Defendants respectfully ask the Court to enter their proposed briefing

schedule on Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:     (512) 472-2700
Facsimile:      (512) 472-2728

*Counsel for Plaintiff Elizabeth Van Duyne*

---

3       *See Wall v. CDC*, No. 6:21-cv-975 (M.D. Fla.); *Bobay-Somers v. HHS*, No. 1:21-cv-00335
(N.D. Ind.); *Health Freedom Def. Fund. v. Biden*, No. 8:21-cv-1693 (M.D. Fla.); *Andreadakis v.
CDC*, 3:22-cv-00052 (E.D. Va.); *Faris v. CDC*, No. 3:22-cv-23 (W.D. Ky.); *Seklecki v. CDC*, No.
1:22-cv-10155 (D. Mass.).

**KEN PAXTON**
Attorney General of Texas
**BRENT WEBSTER**
First Assistant Attorney General
**GRANT DORFMAN**
Deputy First Assistant Attorney General
**AARON REITZ**
Deputy Attorney General for Legal Strategy
**MURTAZA SUTARWALLA**
Deputy Attorney General for Legal Counsel
**SHAWN COWLES**
Deputy Attorney General for Civil Litigation
**THOMAS A. ALBRIGHT**
Chief, General Litigation Division

*/s/Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Assistant Attorney General
Texas Bar No. 24087727
christopher.hilton@oag.texas.gov

Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*Counsel for State of Texas*


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

*/s/Michael J. Gerardi*
STEPHEN M. PEZZI
MICHAEL J. GERARDI
ANDREW F. FREIDAH
JOHNNY H. WALKER
   Trial Attorneys
United States Department of Justice
Civil Division

6

Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
Facsimile: 202-616-8470
Email: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on February 23, 2022,

with the Clerk of the Court for the Northern District of Texas, and sent via email and/or certified

mail, return receipt requested to the following:

Aaron Reitz
aaron.reitz@oag.texas.gov
Christopher D. Hilton
christopher.hilton@oag.texas.gov
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
*Counsel for State of Texas*

Stephen M. Pezzi
United States Department of Justice
Civil Division – Federal Programs Branch
1100 L Street, NW
Washington, DC 2005
stephen.pezzi@usdoj.gov
*Counsel for Defendants*

Centers for Disease Control and Prevention
1600 Clifton Road
Atlanta, GA 30329

Rochelle P. Walensky,
in her official capacity as
Director of the Centers for Disease Control and Prevention
1600 Clifton Road
Atlanta, GA 30329

Sherri Berger,
In her official capacity as
Chief of Staff for the U.S. Dept. of Health and Human Services
1600 Clifton Road
Atlanta, GA 30329

United States of America
Chad Meacham
U.S. Attorney's Office
Northern District of Texas
1100 Commerce Street, 3rd Floor
Dallas, TX 75242

Xavier Becerra,
in his official capacity as
Secretary for the U.S. Dept. of Health and Human Services
200 Independence Avenue SW
Washington, DC 20201

/s/Matthew Miller
MATTHEW MILLER