# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ELIZABETH VAN DUYNE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>Defendants. | Civil Action No. 4:22-cv-00122-O |

### **DEFENDANTS' RESPONSE TO THE COURT'S MARCH 17, 2022 ORDER**

The Court has ordered the parties to brief "whether the Court should consolidate the preliminary injunction hearing with a trial on the merits" under Federal Rule of Civil Procedure 65(a)(2). Mar. 17, 2022 Order, ECF No. 15. That rule provides that, "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." But the Supreme Court and the Fifth Circuit have cautioned that "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits" using Rule 65(a)(2). *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). This case warrants no exception. Instead, the Court should deny Plaintiff Van Duyne's motion for a preliminary injunction, and then proceed to the merits (on both Plaintiffs' claims) in the ordinary course. In the alternative, to the extent the Court concludes that atypical expedition is appropriate here, Defendants would not object to the Court's denying Plaintiff Van Duyne's motion for a preliminary injunction and then setting a schedule for expedited briefing on cross-motions for summary judgment.

**I.  No atypical or exigent circumstances justify consolidation under Rule 65(a)(2).**

    **a.** Federal Rule of Civil Procedure 65(a)(2) provides that,

> [b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and

> consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

Fed. R. Civ. P. 65(a)(2).

While consolidation is possible in some circumstances, "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Univ. of Tex. v. Camensich*, 451 U.S. 390, 395 (1981). As a leading treatise explains, "the Supreme Court has cautioned that although consolidation may be used to real advantage in some cases, it generally is inappropriate." 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2590 (3d ed.). The Fifth Circuit has said the same thing. *See, e.g.*, *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 176 (5th Cir. 1988) ("[I]t is generally inappropriate for a federal court at a preliminary injunction stage to give a final judgment on the merits." (quoting *Camenisch*, 451 U.S. at 395)). At a minimum, "[c]onsolidation cannot be ordered by the court without adequate notice and an opportunity for a full hearing on the merits." *Am. Fed'n of Gov't Emp., AFL-CIO, Loc. 3319, U.S. Deputy Marshals v. Colburn*, 531 F.2d 314, 315 (5th Cir. 1976); *see also, e.g.*, *Wohlfahrt v. Mem'l Med. Ctr.*, 658 F.2d 416, 418 (5th Cir. 1981) ("[S]ufficient notice is required to permit the parties to develop their cases fully.").

Consolidation under Rule 65(a)(2) may be appropriate when "a real exigency has been shown that justifies giving the case preference over other disputes that already are on the docket." 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2590 (3d ed.); *accord Kickapoo Traditional Tribe of Tex. v. Chacon*, 46 F. Supp. 2d 644, 648-49 (W.D. Tex. 1999) (listing "exigent circumstances" as one factor to consider); *Morris v. District of Columbia*, 38 F. Supp. 3d 57, 63 (D.D.C. 2014) (same); *Zucker v. Menifee*, No. 03-cv-10077, 2004 WL 102779, at *2 (S.D.N.Y. Jan. 21, 2004) (same). In addition, some courts have considered whether "the relevant facts are undisputed," and whether "granting preliminary injunctive relief will effectively give a party all of the relief it would obtain after trial on the merits[.]" *Kickapoo Tribe*, 46 F. Supp. 2d at 648-49. Another potential benefit in some cases is that "[c]ombining the trial and the Rule 65(a) hearing avoids having the same evidence presented both at the preliminary injunction stage and later at trial." 11A Charles A. Wright & Arthur

R. Miller, Federal Practice & Procedure § 2590 (3d ed.). Consolidation also "may obviate the need to decide whether a preliminary injunction is necessary, since it often will be possible to reach a final judgment before irreparable harm is sustained by plaintiff." *Id.*

    **b.** There is no reason to depart from the general rule in this case.

    **1.** First, and most obviously, there are no "exigent circumstances" here. *Kickapoo Tribe*, 46 F. Supp. 2d at 648-49. Plaintiff the State of Texas has not even requested preliminary injunctive relief, nor asserted that it is suffering any irreparable harm. And as Defendants explained in their opposition to Plaintiff Van Duyne's motion for a preliminary injunction, Plaintiff Van Duyne waited over a year to seek preliminary injunctive relief, despite being a frequent flyer who claims to have flown dozens of times in compliance with the CDC order she challenges. *See* Compl., ECF No. 1, ¶ 28. Even after this litigation began, Plaintiff Van Duyne proposed a schedule that would have had the parties briefing her motion while she took several additional flights. *See* Status Report, ECF No. 9, at 5. (The Court nonetheless rejected that scheduling proposal, adopting Defendants' proposal instead. *See* ECF Nos. 9, 10.)

    Nor has Plaintiff Van Duyne explained her significant delay in seeking relief. In her preliminary-injunction reply brief, she says that "[t]he constantly changing guidance gives passengers the illusion that the Mask Mandate is always just about to end." Plaintiff Van Duyne's Prelim. Inj. Reply, ECF No. 14, at 9. But as Defendants have explained in two separate filings—in an argument to which Plaintiff Van Duyne has never responded—that premise is factually and legally erroneous. As a factual matter, "the only order challenged here has been in effect and unchanged for over a year." Defs.' Prelim. Inj. Opp'n, ECF No. 13, at 11 n.5 (quoting Status Report, ECF No. 9, at 3). And as a legal matter, "on Plaintiff's theory, the order was unlawful (and allegedly caused her irreparable harm) from the first day it was issued—none of the claims in this case turn on whether the masking requirement was (or remains) a rational policy judgment." *Id.* (citing Status Report at 4).

    In sum, given Plaintiff Texas's failure to seek preliminary injunctive relief at all, and Plaintiff Van Duyne's failure to seek such relief for over a year, this is plainly not a case in which "a real exigency has been shown that justifies giving the case preference over other disputes that already are on the

docket." 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2590 (3d ed.); *see also* Defs.' Prelim. Inj. Opp'n at 9-11 (collecting cases, and arguing that Plaintiff Van Duyne's year-long delay in seeking time-sensitive injunctive relief undermines any claim to imminent irreparable harm).

**2.** In addition, here, it is *not* the case that "granting preliminary injunctive relief will effectively give a party all of the relief it would obtain after trial on the merits[.]" *Kickapoo Tribe*, 46 F. Supp. 2d at 648-49. To the contrary: one of the two parties has not even *requested* a preliminary injunction. So the efficiency benefits that are sometimes realized by merging preliminary-injunction proceedings with the merits are not attainable here—Texas's claims *cannot* be resolved at the preliminary-injunction stage. Indeed, they have not even been briefed.

That is not merely a formality. For example, Defendants may argue that the State of Texas lacks Article III standing (because, for instance, it lacks a direct injury, and cannot rely on a *parens patriae* theory). Defendants may also argue in the alternative that, even if Texas has standing, any remedy in its favor would have to be limited to state entities shown to be harmed (rather than, say, every public conveyance in Texas, or every Texas resident). Those questions of remedies and constitutional law are not at all relevant to Plaintiff Van Duyne's motion for a preliminary injunction, and would need to be briefed before the Court enters final judgment on Texas's claims. *See Wohlfahrt*, 658 F.2d at 418 ("[S]ufficient notice is required to permit the parties to develop their cases fully.").

In other words, this is not a case in which "[c]ombining the trial and the Rule 65(a) hearing avoids having the same evidence presented both at the preliminary injunction stage and later at trial." 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2590 (3d ed.). Even if consolidation of Plaintiff Van Duyne's claims were appropriate, Texas's decision not to seek preliminary injunctive relief means that the Court will not be able to reach a final judgment on all claims using Rule 65(a)(2). Consolidating these claims would thus be inefficient, and introduce unwarranted complexity to these proceedings.

**3.** The nature of the agency action at issue further weighs against atypical expedition, or consolidation of the merits with preliminary-injunction proceedings. This case challenges a

nationwide public-health policy that has been in effect for over a year, during an unprecedented global pandemic that has already killed nearly a million Americans. *See* CDC, *COVID Data Tracker*, https://covid.cdc.gov/covid-data-tracker/#datatracker-home (last visited March 30, 2022). Plaintiffs raise novel claims about the agency's statutory authority and Congress's constitutional authority. Although Defendants respectfully submit that all of those claims are meritless for the reasons set forth in their preliminary-injunction opposition, ECF No. 13, they certainly deserve careful consideration and thoughtful analysis, rather than an unnecessarily rushed presentation by the parties or resolution by this Court.

**4.** Finally, ongoing deliberations within the Executive Branch further weigh against rushing to brief or decide this case using atypical procedures. On March 10, 2022, CDC announced that, in advance of April 18, 2022, it "will work with government agencies to help inform a revised policy framework for when, and under what circumstances, masks should be required in the public transportation corridor." CDC, *Mask Use on Public Transportation* (Mar. 10, 2022), https://perma.cc/RFK6-ADFA. CDC further explained that "[t]his revised framework will be based on the COVID-19 community levels, risk of new variants, national data, and the latest science." *Id.* The result of those deliberations could have significance for this litigation—perhaps as early as April 18—which further weighs against unnecessarily accelerating these proceedings in the interim.

**II.  In the alternative, the Court should deny Plaintiff Van Duyne's preliminary-injunction motion and then order expedited briefing on cross-motions for summary judgment.**

For the reasons above, Defendants respectfully submit that this is not the rare case in which invoking the procedures of Rule 65(a)(2) is appropriate—to the contrary, doing so would have significant efficiency costs, and generate minimal (if any) corresponding benefits. To the extent the Court concludes, however, that it is necessary to expedite these proceedings, Defendants respectfully submit that a more appropriate procedural mechanism would be expedited briefing on cross-motions for summary judgment. Although no expedition is necessary or appropriate here (particularly given Plaintiffs' slow-moving approach to this litigation), Defendants would nonetheless not object to expedited briefing on cross-motions for summary judgment, if that is the Court's preference. If the

5

Court adopts that approach, it should (1) deny Plaintiff Van Duyne's motion for a preliminary injunction, and (2) then order the parties to meet and confer to propose a summary-judgment briefing schedule (or separate proposals, if they cannot reach agreement). That schedule could also account for the possibility of relevant policy developments between now and April 18, 2022.

Dated: March 30, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: /s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
MICHAEL J. GERARDI
ANDREW F. FREIDAH
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*