UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELIZABETH VAN DUYNE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, <br><br> Defendants. | Civil Action No. 4:22-cv-00122-O |

**DEFENDANTS' BRIEF IN RESPONSE TO THE
COURT'S MARCH 24, 2022 ORDER**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

STEPHEN M. PEZZI
MICHAEL J. GERARDI
ANDREW F. FREIDAH
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
Email: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*

Defendants respectfully respond to the Court's March 24, 2022, order directing the parties to brief the question whether *Van Duyne v. Centers for Disease Control & Prevention*, No. 4:22-cv-122 (N.D. Tex. filed Feb. 16, 2022), and *Family Research Council Action v. Biden*, No. 4:22-cv-209 (N.D. Tex. filed Mar. 24, 2022) ("*FRC*"), should be consolidated under Federal Rule of Civil Procedure 42. *Van Duyne*, ECF No. 17; *FRC*, ECF No. 8. Because this Court already presides over both cases, there may be few practical differences between formal consolidation and informal coordination of them. Nonetheless, the Court has ample authority to opt for formal consolidation of the cases, and doing so would benefit both the parties and the Court. Accordingly, Defendants support consolidation of *Van Duyne* and *FRC* under Rule 42.

## BACKGROUND

Congress has authorized the Centers for Disease Control and Prevention (CDC) to adopt "such regulations as in [the agency's] judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions [of the United States], or from one State or possession into any other State or possession." Public Health Service Act ("PHSA"), ch. 373, § 361(a), 58 Stat. 703 (1944) (codified at 42 U.S.C. § 264(a)). CDC issued the Order challenged in both *Van Duyne* and *FRC* in February 2021. The Order generally requires persons to "wear masks over the mouth and nose when traveling on any conveyance . . . into or within the United States" and "at transportation hubs." 86 Fed. Reg. at 8026.

Plaintiffs Elizabeth Van Duyne and the State of Texas filed their complaint on February 16, 2022. It names as defendants the CDC; CDC Director Rochelle P. Walensky; CDC Chief of Staff Sherri A. Berger; the United States Department of Health and Human Services (HHS); HHS Secretary Xavier Becerra; and the United States of America. *Van Duyne*, Compl. at 1. Ms. Van Duyne and Texas allege that the Order (1) exceeds CDC's statutory authority under 42 U.S.C. § 264; and (2) that § 264 violates the nondelegation doctrine. *Id.* ¶¶ 40–41. Ms. Van Duyne (but not Texas) moved for a preliminary injunction on the same day suit was filed. *Van Duyne*, ECF No. 3. That motion is fully briefed, and the Court is considering whether to consolidate a hearing on it with the trial on the merits

1

under Rule 65(a)(2).

Plaintiffs Family Research Council Action, Inc., Matthew Krause, Donna Bramson, and S.P., a minor represented by his next friend and father, Anthony Perkins, filed their complaint on March 23, 2022. *FRC*, Compl. at 1. It names the same defendants as in *Van Duyne*, as well as President Biden, the U.S. Department of Transportation, Secretary of Transportation Peter P. Buttigieg, the Federal Aviation Administration (FAA), FAA Administrator Stephen M. Dickson, the Department of Homeland Security, Secretary of Homeland Security Alejandro Mayorkas, the Transportation Security Administration (TSA), and TSA Administrator David P. Peksoke. *Id.* The *FRC* plaintiffs contend that the CDC's Order is "arbitrary and capricious" under the Administrative Procedure Act (APA). *Id.* ¶¶ 68–73. The *FRC* Plaintiffs moved for a preliminary injunction on March 31, ECF No. 10, and for a temporary restraining order four days later, on April 4, ECF No. 14; the Court has directed Defendants to respond to the latter motion by April 12.

In both cases, the plaintiffs ask the Court to "set aside" the CDC's Order under the APA, not just as to the plaintiffs themselves, but on a nationwide basis. *Van Duyne*, Compl., at 10 (prayer for relief part (4)); *FRC*, Compl., at 17 (prayer for relief part (c)). On March 24, Judge Pittman sua sponte transferred *FRC* to this Court's docket. *FRC*, Order of Transfer, ECF No. 6.

## ARGUMENT

Consolidation under Rule 42 is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Courts consider the following factors in deciding motions to consolidate:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, [](5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. . . . [6] whether the cases are at the same stage of preparation for trial.

*In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (citations omitted).

2

Because both *Van Duyne* and *FRC* are both now pending before this Court, it may make little practical difference whether the Court chooses to formally consolidate them under Rule 42, or to coordinate proceedings in the two cases on an informal basis. Even without consolidation, the Court can take action to promote efficient case management, ensure consistent rulings on similar issues in both cases, conduct joint hearings as appropriate, and coordinate briefing schedules to avoid duplication of labor and expense for all parties. Whether consolidated or not, both cases will retain their individual character and each party will maintain their respective rights. *See Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) ("From the outset, we understood consolidation not as completely merging of the constituent cases into one, but instead enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in each.").

As between these two alternatives, Defendants prefer formal consolidation because it would "promote the administration of justice" in both cases. *Gentry*, 487 F.2d at 581. Both *FRC* and *Van Duyne* are before the same judge, challenge the same CDC Order, name the same CDC and HHS defendants represented by the same government counsel, and seek the same nationwide relief. Both cases are at a similar stage of preparation for trial, and there would be little risk of confusion if the Court orders consolidation. Consolidation would also allow the Court to direct all filings in both cases to a single docket. *See* N.D. Tex. L.R. 42.1. And it would make it easier for the Court to establish a unified schedule for briefing and arguing summary judgment in the two cases to streamline their resolution. In light of the Court's broad authority to order consolidation when it believes doing so "would avoid unnecessary costs or delay," *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983), Defendants support formal consolidation of *FRC* and *Van Duyne*.

Dated: April 8, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:  /s/ Michael J. Gerardi
STEPHEN M. PEZZI
MICHAEL J. GERARDI (D.C. Bar No. 1017949)
ANDREW F. FREIDAH
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*

4