IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS,<br>    *Plaintiffs,*<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA.<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-00122-O |

**PLAINTIFFS' BRIEF IN RESPONSE TO
THE COURT'S ORDER (DOC. 17)**

On March 24, 2022, the Court ordered the parties to file cross briefs concerning whether this case should be consolidated with *Family Research Council Action, Inc. v. Biden*, No. 4:22-cv-209 (hereafter, "FRC Case"), under Federal Rule of Civil Procedure 42. (Doc. 17). Plaintiffs Elizabeth Van Duyne and the State of Texas urge the Court not to consolidate the cases because each case presents unique legal challenges to the federal government's masking requirements. Additionally, the FRC Case will require much more factual development while this case will have almost none.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should not consolidate this case with the FRC Case. Under Federal Rule of Civil Procedure 42, a trial court may consolidate cases before the court that involve common questions of law or fact. Consolidation is "used to expedite trial and eliminate unnecessary repetition and

confusion." *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984). District courts have "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). Because of this discretion, the Fifth Circuit has largely allowed district courts to develop multi-factor tests from the seminal case *Frazier v. Garrison I.S.D.*, 980 F.2d 1514 (5th Cir. 1993). Courts have phrased these factors in different ways, but generally the factors include: "(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *Tanzy v. Wolf*, 2020 U.S. Dist. LEXIS 258813 (N.D. Tex. Dec. 23, 2020) (quoting *RTIC Drinkware, LLC v. YETI Coolers, LLC*, 2017 U.S. Dist. LEXIS 222938, at *2 (W.D. Tex. Jan. 18, 2017)).[1]

In considering whether to consolidate cases the "threshold inquiry is whether the two cases involve common questions of law or fact." *Marusak v. Sema Constr.*, 2021 U.S. Dist. LEXIS 230922, at *8 (N.D. Tex. Nov. 15, 2021) (citing Fed. R. Civ. P. 42(a) and *RTIC Drinkware*, 2017 U.S. Dist. LEXIS 222938, at *2). The cases here do not meet this threshold question; but even if they did, consolidation would not further Rule 42(a)'s goal of eliminating unnecessary repetition and confusion. Further, consolidation would prejudice Plaintiffs and cause unnecessary delay in their case.

---

[1] Other courts within the Fifth Circuit have described an eight-factor test, but the considerations are substantially the same. *See, e.g.*, *Webb v. SE Grocers*, 2022 U.S. Dist. LEXIS 35446, at *6 (S.D. Miss. March 1, 2022)

**I.      The cases do not involve common questions of law or fact.**

This case and the FRC Case do not meet the threshold question of presenting common questions of law or fact because the two cases present different legal theories, challenge different federal government orders, and involve different defendants. Additionally, this case needs no factual resolution by the Court, while the FRC Case is almost entirely a factual dispute. This distinction alone is enough to make consolidation inappropriate. *See Frazier*, 980 F.2d 1514, 1532 (5th Cir. 1993) (noting consolidation would not serve judicial economy when one case has "no triable issues of fact pending before the trial court").

This case is a purely legal challenge to the CDC's *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021) (the "CDC's Mask Mandate"). It alleges that the CDC is acting without statutory authorization because the statute it relies on, 42 U.S.C. § 264(a), does not authorize the CDC Mask Mandate, or, if it does, it violates the nondelegation doctrine under Article I, Sec. 1 of the United States Constitution. (Doc. 1). At its core, this case is a statutory interpretation case concerning one statute and one rule that was purportedly promulgated under that statute. It is not a case about facts in dispute or whether masking on planes is sound policy. Indeed, Plaintiffs and Defendants agree that the material facts are not in dispute and the case is at an appropriate stage for briefing on summary judgment. (Docs. 18-22). Lacking further issues of triable fact, it would not be appropriate to consolidate this case with the FRC Case.

The FRC Case, on the other hand, is almost entirely a factual challenge. It challenges Executive Order 13998 as arbitrary and capricious. (FRC Case, Doc. 1). In Executive Order 13998, President Biden directed the Departments of Transportation, Health and Human Services, and Homeland Security to mandate wearing of masks while traveling. (FRC Case, Doc. 1). This

resulted in orders from the Transportation Security Administration and the CDC. (*Id.*). The FRC Case plaintiffs argue Executive Order 13998 and the orders resulting from it are unreasonable. (*Id.*). Specifically, they raise that those defendants did not consider natural immunity, have not updated the agency actions to reflect emerging medical science, and ignored their own study showing miniscule risk of contracting COVID-19 on a commercial aircraft. (*Id.*). These are all factual considerations that may require delving into the administrative record, but those issues are irrelevant to this case.

When an agency action is challenged as arbitrary and capricious, a court "focuses on whether an agency articulated a rational connection between the facts found and the decision made." *ExxonMobil Pipeline Co. v. United States DOT*, 867 F.3d 564, 571 (5th Cir. 2017). Consolidation is not appropriate "in light of obvious, at least at first blush, factual differences." *Varnado v. LeBlanc*, 2016 U.S. Dist. LEXIS 8161 (M.D. La. Jan. 22, 2016). The FRC Case's arbitrary-and-capricious challenge is an obvious factual difference between the cases.

## II.     There is no risk of unnecessary repetition or confusion without consolidation.

Further, there is no risk of unnecessary repetition or confusion if the Court does not consolidate the cases here. If anything, consolidation could *delay* both cases, rather than expedite them, and unnecessarily complicate both proceedings. If Plaintiffs are successful in their legal challenge in this case, it would moot the FRC Case, as the CDC's Mask Mandate would be set aside. Additionally, as discussed above, the cases are at different stages of preparedness for resolution. Consolidation would bog down this case in irrelevant factual disputes and discovery, as well as make the record less manageable than necessary if either party appeals.

There are also different parties involved in the two cases. The parties in this case include two plaintiffs, Elizabeth Van Duyne and the State of Texas, and seven defendants. (Doc. 1). All

seven defendants are responsible for carrying out the CDC's Mask Mandate. In the FRC Case, which has an entirely different slate of five plaintiffs, there are over twice as many defendants, including agencies and government officials that have nothing to do with the CDC's Mask Mandate. Those include the Department of Transportation (and its Secretary), the Federal Aviation Administration (and its Administrator), the Department of Homeland Security (and its Secretary). (FRC Case, Doc. 1). If the cases are consolidated, there will be many motions and discovery issues that will be irrelevant to Plaintiffs and only relevant to certain defendants, "which may cause unnecessary delays for the unaffected parties." *Grigsby v. I-Flow Corp.*, 264 F.R.D. 265, 266 (E.D. Ky. 2009); *see also Texas v. United States*, 2021 U.S. Dist. LEXIS 139500, at *8-9 (S.D. Tex. July 26, 2021) ("appreciable differences" between defendants in addition to different plaintiffs weighed against consolidation). Consolidating the cases would only cause confusion and create more difficulty for Plaintiffs to prosecute their case and complicate the record if any party appeals.

The parties in this case have agreed this case can be resolved on summary judgment. (Docs. 18-22). "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (quoting *St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983)). Delaying this case so that plaintiffs in the FRC Case can conduct discovery, present their evidence, have it rebutted by the defendants in that case does nothing to reduce the total time plaintiffs are awaiting resolution of their cases. It slows down the proceedings in this case, while not expediting the proceedings in the FRC Case.

Because the challenges here are different in kind, there is nothing to gain from consolidating the cases and there will be no repetition of arguments or evidence. *Cf. Goodridge v. Hewlett-Packard Co.*, 2008 U.S. Dist. LEXIS 136832 (S.D. Tex. June 25, 2008) ("[E]ach action

5

raises sufficiently distinct claims such that each will involve a separate and distinct fact inquiry. Thus, consolidation will not 'avoid unnecessary costs or delay.'" (Quoting Fed. R. Civ. P. 42(a)). Plaintiffs in this case will still need their statutory and constitutional challenges resolved on the merits, and plaintiffs in the FRC Case will need their factual objections to the federal government's agency action resolved. Further, this is not a case where consolidation would have the benefit of putting both disputes in front of the same judge, *see Troupe v. Barbour*, No. 3:10-CV-153-HTW-MTP, 2016 U.S. Dist. LEXIS 189218, at *8-9 (S.D. Miss. Dec. 6, 2016), as that is already the situation. Without meaningful overlap in legal or factual challenges, consolidation would not eliminate repetition of issues or costs.

**III.    Plaintiff Van Duyne would be prejudiced by unnecessary delay if the cases were consolidated and there is no risk of inconsistent adjudications.**

Plaintiff Van Duyne currently has a motion for a preliminary injunction fully briefed, and Plaintiffs have asked the Court to convert it to a motion for summary judgment and order the Defendants to respond on the merits. (Doc. 18, 22). Consolidation will result in further delay if Plaintiffs are required to wait for further briefing (and likely lengthy discovery) from other plaintiffs or defendants. *See Texas*, 2021 U.S. Dist. LEXIS 139500, AT *12-15 (a plaintiff with a fully briefed motion for preliminary injunction would be prejudiced by consolidation that would require additional briefing).

Defendants in this case have repeatedly extended masking requirements for airline passengers with expiration dates that were always only a few months away. In their most recent filing, they alluded once again to the possibility that CDC guidance will result in the Mask Mandate being rescinded. (Doc. 19, at 5). Any delay allows Defendants to continue to offer the false hope that the end of masking is just around the corner. The Court should at least give Plaintiffs a chance to get their case resolved and not let Defendants continue to move the goal posts on travelers and

6

employees. Consolidation and further development of factual issues delays the resolution of her wholly separate legal claims. Further, there is no risk of inconsistent adjudications, as each case raises very different claims.

## CONCLUSION

The cases should not be consolidated. The factors weigh against consolidation because there are not common questions of law and fact between the cases. Additionally, consolidation will not enhance efficiency or avoid the danger of inconsistent adjudications, and it prejudices Plaintiffs by further delaying resolution of their case. The Court should not consolidate this case with *Family Research Council Action, Inc. v. Biden*, No. 4:22-cv-209.

Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
NATE CURTISI
Arizona Bar No. 033342
ncurtisi@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:     (512) 472-2700
Facsimile:      (512) 472-2728

*Attorneys for Plaintiff Elizabeth Van Duyne*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

*/s/Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Chief, General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 8, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

                                                  */s/Matthew Miller*
                                                  MATTHEW MILLER