IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS, <br> *Plaintiffs,* <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA. <br> *Defendants.* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-00122-O |

**PLAINTIFFS' RESPONSE TO THE PARTIES BRIEFING ON CONSOLIDATION**

On March 24, 2022, the Court ordered the parties to file cross briefs regarding whether the Court should consolidate this case with *Family Research Counsel Action, Inc. v. Biden*, No. 4:22-cv-209 (hereafter, "FRC Case") under Federal Rule of Civil Procedure 42. (Doc. 17). The parties submitted cross briefs on April 8, 2022. (Docs. 24-25). Both plaintiffs in this case argued against consolidation with the FRC Case. (Doc. 24). Defendants "prefer formal consolidation." (Doc. 20). Plaintiffs in the FRC case "do not believe that consolidating these cases prior to April 18, 2022,[1] would conserve judicial resources" and "take no position on consolidation" after that date. (FRC Case, Doc. 20).

---

[1] At the time the FRC plaintiffs submitted their brief, April 18, 2022, was the date on which the Mask Mandate was set to expire. But as explained below, Defendants have *yet again* extended the Mask Mandate through at least May 3, 2022.

Plaintiffs Elizabeth Van Duyne and the State of Texas (hereafter, "Plaintiffs") hereby respond to those pleadings. Because consolidation is only appropriate when cases involve common questions of law or fact, and because no party has argued that consolidating cases would eliminate unnecessary repetition and confusion, the Court should not exercise its discretion to consolidate cases.

**I.       No party has argued there are meaningful fact or legal issues in common.**

No party has argued these cases meet the "threshold inquiry" of having common questions of law or fact. *See Marusak v. Sema Constr.*, 2021 U.S. Dist. LEXIS 230922, at *8 (N.D. Tex. Nov. 15, 2021) (citing Fed. R. Civ. P. 42(a) and *RTIC Drinkware, LLC v. YETI Coolers, LLC*, 2017 U.S. Dist. LEXIS 222938, at *2 (W.D. Tex. Nov. 15, 2001)). Though both cases challenge the CDC's Mask Mandate,[2] they do so under different theories, and the FRC Case involves additional defendants and challenges additional agency actions. In this case, the plaintiffs simply argue that Congress never authorized the CDC to issue the Mask Mandate. (Docs. 1, 3, 14). They ask the Court to resolve a statutory interpretation question.

The FRC Case on the other hand asks the Court to declare President Biden's Executive Order 13998—and resultant administrative actions spanning six agencies—arbitrary and capricious, an essentially fact-based challenge that will require propounding evidence and delving into the administrative record. Defendants also agree that the cases present distinct legal challenges. (FRC Case, Doc. 24) ("And these Plaintiffs—unlike others before this Court . . . –do not deny that the CDC has the statutory and constitutional authority to issue the challenged order."). These distinct challenges do not lend themselves to being consolidated because there are

---

[2]     *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021)

no shared issues of law or fact that the Court needs to resolve and the Court should not consolidate them.

## II.  There is no risk of confusion, repetition, or inconsistent rulings.

One of the primary purposes of consolidating cases is to avoid "unnecessary repetition and confusion." *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984). Because the cases present different types of challenges to different orders, no party has pointed to any possible risk of confusion, repetition, or inconsistent rulings—nor could they. Even the Defendants in this case, who "support formal consolidation," did not argue there was any real risk of confusion or inconsistent rulings. (Doc. 24). Each case presents unique challenges to the Federal Government's transportation mask mandates and there is little to no overlap of factual or legal issues.

Plaintiffs in the FRC Case similarly believe consolidation, at least prior to the current expiration of the TSA's Mask Mandate, would not "significantly benefit the Court." (FRC Case, Doc. 20.) Further, to the extent any coordination between the cases is required at all, Plaintiffs agree with Defendants that the Court can do that on an informal basis, which would help prevent any confusion of issues or muddy up the record in either case. (Doc. 24, at 4) ("Because both *Van Duyne* and *FRC* are both now pending before this Court, it may make little practical difference whether the Court chooses to formally consolidate them under Rule 42, or to coordinate proceedings in the two cases on an informal basis.").

The Plaintiffs in the FRC Case also agree that informal coordination could be appropriate, but formal consolidation might be inconvenient. (FRC Case, Doc. 20 at 2.) ("However, given that both cases raise different challenges, and several Defendants in Plaintiffs' case are not named in Congresswoman Van Duyne's case, this Court might find consolidation inconvenient, and could instead perhaps hear both cases *seriatim* as an alternative to consolidation.").

Because consolidation would not further the purpose of avoiding confusion, repetition, or inconsistent rulings, the Court should not consolidate the cases.

**III.     Consolidation would not expedite either case.**

The other purpose of consolidation is to "expedite trial." *Miller*, 729 F.2d at 1036 (5th Cir. 1984). Consolidation will not expedite trial here because all parties in this case agree this case is ripe for summary judgment briefing, and Plaintiff Van Duyne also has a fully briefed motion for preliminary injunction. (Docs. 18-22). On the other hand, the Plaintiffs in the FRC Case have filed a motion for a temporary restraining order, which Defendants responded to on April 12. (Doc. 24; FRC Case, Docs. 14, 24). Plaintiffs now have until April 15 to reply. (FRC Case, Doc. 17). The FRC Case Plaintiffs also requested expedited briefing if their motion for a temporary restraining order is denied. (FRC Case, Doc. 14). None of the facts or legal arguments raised during those proceedings will affect Plaintiffs in this case, and consolidation will only further delay the resolution of this case.

Expeditious resolution is particularly important here, where Defendants have continually extended the expiration date of the Mask Mandate by just a few months. Defendants have repeatedly asked the Court to take into consideration the most recent expiration date, April 18, 2022. (Docs. 19, 21). But this has continued to be a false promise.

Indeed, as this response was being drafted, the CDC announced that, "[a]t CDC's recommendation, TSA will extend the security directive and emergency amendment for 15 days, through May 3, 2022." Alex Gangitano, *TSA extending travel mask mandate for two weeks*, The Hill, available at: https://thehill.com/policy/transportation/3266320-tsa-extending-travel-mask-mandate-for-two-weeks/ (April 13, 2022). The original Mask Mandate was set to expire in May 2021 and will now be in place for a full year beyond that date. *See id.* This will be the fifth

extension of the Mask Mandate. *See Security Directives and Emergency Amendments*, Transportation and Security Administration, available at: https://www.tsa.gov/sd-and-ea (last accessed April 13, 2022). Consolidation of these two cases—where this one has no facts to dispute and is ripe for summary judgment briefing, and where the FRC Case is still briefing motions for preliminary relief—would only result in delaying resolution of Plaintiffs' claims. It would be more efficient for the cases to remain separated and, *if the need arises*, the Court can informally coordinate the cases while they run on parallel tracks.

## CONCLUSION

The cases do not present common issues of law or fact such that consolidation would promote judicial economy. It would not prevent confusion or inconsistent rulings, nor would it help expedite resolution of any party's claims. The Court should not consolidate this case with *Family Research Counsel Action, Inc. v. Biden*, No. 4:22-cv-209.

Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
NATE CURTISI
Arizona Bar No. 033342
ncurtisi@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Facsimile:    (512) 472-2728

*Attorneys for Plaintiff Elizabeth Van Duyne*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

*/s/Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Chief, General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

                                                      */s/Matthew Miller*  
                                                      MATTHEW MILLER