IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS,<br>*Plaintiffs,*<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA.<br>*Defendants*. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-00122-O |

**PLAINTIFFS ELIZABETH VAN DUYNE AND THE STATE OF TEXAS'S BRIEF IN RESPONSE TO THE COURT'S ORDER (DOC. 30)**

On April 18, 2022, the Court ordered the parties to file cross-briefs concerning the order from the Middle District of Florida regarding the same mask mandate at issue in this case. (Doc. 30). In the Florida case, the court held that the CDC in issuing the Mask Mandate[1] exceeded its statutory authority, failed to show a good cause exception to notice and comment rulemaking, and was arbitrary and capricious. *See Health Freedom Defense Fund, Inc. v. Biden*, ECF No. 53, No. 8:21-cv-1693 (M.D. Fla April 18, 2022) (hereafter, the "HFDF Case"). As explained below, the claims in this case remain live before the Court, and the Court should convert Plaintiff Van Duyne's Motion for Preliminary Injunction into a motion for summary judgment and order Defendants to respond to the merits of Plaintiffs claims.

---

[1] *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021)

I.  **Background.**

On April 18, 2022, the Middle District of Florida decided the HFDF Case, granting summary judgment for the plaintiffs, declaring the Mask Mandate unlawful and vacating it. (HFDF Case, doc. 53). The response from Defendants, and what their next steps will be, has been difficult to decipher. On the day of the Middle District of Florida's decision, the Transportation Security Administration (the "TSA") said it will no longer enforce its security directives requiring masks on public transportations. *Statement regarding face mask use on public transportation*, Transportation Security Administration (April 18, 2022) (available at: https://www.tsa.gov/news/press/statements/2022/04/18/statement-regarding-face-mask-use-public-transportation). But a day later, on April 19, the Department of Justice issued a press release saying Defendants "will appeal [the HFDF Case], subject to CDC's conclusion that the order remains necessary for public health." *Justice Department Issues Statement on Ruling in Health Freedom Defense fund Inc., et. al. v. Biden, et. al.*, Department of Justice (April 19, 2022) (available at: https://www.justice.gov/opa/pr/justice-department-issues-statement-ruling-health-freedom-defense-fund-inc-et-al-v-biden-et). The next day, April 20, the CDC made the decision that the Mask Mandate remains necessary in their view and asked the DOJ to appeal. *CDC Statement on Masks in Public Transportation Settings*, CDC Newsroom (April 20, 2022) (available at: https://www.cdc.gov/media/releases/2022/s0420-masks-public-transportation.html). In its statement, the CDC indicates that it has not changed its position from when this case started. The "CDC believes [the Mask Mandate] is a lawful order, well within CDC's legal authority to protect public health." *Id.* Defendants filed a Notice of Appeal shortly thereafter on April 20. (HFDF Case, doc. 55).

As of this filing, it is still unclear if Defendants will seek an emergency stay of the judgment in the HFDF Case,[2] and, as Plaintiffs noted in previous filings, these events come only after multiple extensions of the Mask Mandate. It is against this backdrop of regulatory uncertainty that Plaintiffs argue only this Court can give them complete and effective relief.

**II.     The Court should continue to consider this case expeditiously.**

The Court's April 18 order asks the parties to brief what effect the judgment of the HFDF Case has on the relief requested in this case. In the HFDF Case, the court declared the Mask Mandate unlawful and vacated it. (HFDF Case, Doc. 53 at 58). Though the federal government has, at least for now, seemingly indicated it has no intention of enforcing the Mask Mandate, Defendants also have not conceded that they will not reinstate the Mask Mandate at the earliest opportunity and the CDC has said they continue to believe the Mask Mandate is lawful. Accordingly, Plaintiffs cannot be assured effective relief unless this Court rules on their claims. Like the plaintiffs in the HFDF Case, these Plaintiffs are also entitled to complete relief as expeditiously as possible.

> 1.     **Until this Court rules on Plaintiffs' claims or Defendants permanently cease enforcement of the Mask Mandate, Plaintiffs will be denied complete relief.**

The order in the HFDF Case does not provide Plaintiffs complete and effective relief. Defendants notice of appeal in the HFDF Case shows that they still consider the legality of the

---

[2]     *See, e.g.*, Curt Anderson, *Mixed reactions after U.S. travel mask mandate ends*, PBS NewsHour (April 19, 2022) (available at: https://www.pbs.org/newshour/health/mixed-reactions-after-u-s-travel-mask-mandate-ends) ("The Justice Department declined to comment on whether it would seek an emergency stay to block the judge's order. The CDC also declined to comment."); Michael Balsamo, *CDC says masking on transportation 'remains necessary for the public health,' DOJ to file appeal to overturn order voiding mandate* (April 20, 2022) (available at: https://www.pbs.org/newshour/politics/cdc-says-masking-on-transportation-remains-necessary-for-the-public-health-doj-to-file-appeal-to-overturn-order-voiding-mandate) ("It remained unclear whether the Biden administration would ask the appeals court to grant an emergency stay to immediately reimpose the mask mandate on public transit.").

Mask Mandate a live issue. Judicial relief is only "complete" after there has been sufficient time for the Supreme Court to review the case. *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020); *see also Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009). Though the CDC Mask Mandate has no expiration date, it instructs the TSA to enforce the order. 86 Fed. Reg. at 8025. To do so, the TSA has issued five seriatim security directives, the first of which was set to expire in May 2021, slightly more than three months after its issuance. *See Security Directives and Emergency Amendments*, Transportation Security Administration (available at: https://www.tsa.gov/sd-and-ea). Litigation takes time[3] and delaying the case now will only slow down complete judicial review to which Plaintiffs are entitled.

No party has argued this case is moot, but case law regarding mootness provides a helpful guide. "[A] case will become moot where there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (internal quotations omitted). Here, Defendants continue to believe the Mask Mandate is a "lawful order, well within CDC's legal authority to protect public health." *CDC Statement on Masks in Public Transportation Settings*. Such a statement shows that Defendants have sufficient legal interest to maintain the litigation and intend to do so. Until Defendants reconsider their position regarding the Mask Mandate or rescind it altogether, this Court is still in the position to grant relief. *See Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 414 n.18 (5th Cir. 1999). Similarly, any relief granted in a "parallel proceeding in another forum" does not moot this case

---

[3] In the HFDF case, for example, it took over nine months for the court to grant final judgment from the time of filing the complaint. (HFDF Case, docs. 1., 54). This was true despite the fact there were no lengthy factual disputes and the court expedited the case by canceling oral argument on summary judgment, which was set for April 29, 2022. (HFDF Case, docs. 47, 52).

until it is brought to resolution. *Id.* (quoting 15 James W. Moore, *Moore's Federal Practice* § 101.96, at 101-70 (3d ed. 1998).

The Court should continue to move expeditiously to resolve this case by ordering Defendants to respond to the merits of Plaintiffs' claims, which have been largely briefed (both in this case and the HFDF Case). Plaintiffs will not obtain complete and effective relief until this case is resolved or Defendants cease their appeal in the HFDF Case.

> **2. Plaintiffs reasonably believe they will be subject to the same unlawful action in the future.**

As discussed above and in the CDC's statement, Defendants' view of their authority to impose the Mask Mandate has not changed. They have extended the TSA's security directives *four times* and would have extended them a fifth time if it were not for the judgment in the HFDF Case. *See Security Directives and Emergency Amendments*, Transportation Security Administration (available at: https://www.tsa.gov/sd-and-ea). The risk of Defendants' re-imposing the Mask Mandate, if they prevail on appeal, is significant.

This risk is heightened by the fact that the judgment in the HFDF Case is not precedential here.[4] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Am. Tunaboat Ass'n v. Ross*, 391 F. Supp. 3d 98, 115 (D.D.C. 2019) (holding an agency was free to continue applying its preferred interpretation of a regulation despite an adverse district court ruling). There is nothing stopping Defendants from issuing a substantially similar rule in the future. By whatever means a

---

[4] This is not to say Plaintiffs disagree with the judgment in the HFDF Case. Plaintiffs commend it and urge the Court to adopt a similar reading of 42 U.S.C. § 264(a) when it considers the merits of this case.

5

transportation Mask Mandate is again imposed, Plaintiffs will almost certainly be subject to the measure and suffer harms substantially similar to those present in this case.

A brief review of the federal government's COVID-19 regulations during the pandemic shows how common regulatory whiplash can be while a case is working its way through the courts. In *Florida v. Becerra*, for example, the court considered a rule promulgated under the same statute at issue in this case—42 U.S.C. § 264(a)—that severely limited the operations of the cruise industry. 544 F. Supp. 3d 1241 (M.D. Fla. June 18, 2021). The court granted a preliminary injunction. *Id.* at 1305. The Eleventh Circuit stayed the preliminary injunction one month later, only to vacate the stay sua sponte six days after that. *Florida v. Secretary, Dept. of Health and Human Services*, No. 21-12243-D (11th Cir. July 17, 2021); *Florida v. Secretary, Dept. of Health and Human Services*, No. 21-12243-D (11th Cir. July 23, 2021). The CDC's "eviction moratorium"—also promulgated under 42 U.S.C. § 264(a)—faced a similar fate, complete with multiple trips to the Supreme Court before the issue was finally put to rest. *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2486 (2021). Likewise, the COVID-19 vaccine mandate enacted by the Occupational Safety and Health Administration was initially stayed by the Fifth Circuit in November 2021, *BST Holdings LLC v OSHA*, 17 F.4th 604 (2021), only for the stay to be lifted by the Sixth Circuit a month later, *In re MCP No. 165,* 21 F.4th 357 (2021), and then resolved by the Supreme Court another month later, *Nat'l Fed'n of Indep. Busi. v. DOL*, 142 S. Ct. 661 (2022).

Even though those cases were at the preliminary injunction stage, the standard for an emergency stay, should Defendants decide to seek one in Florida, are substantially similar. *Compare Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir) *with Nken v. Holder*, 556 U.S. 418, 426 (2009). Until Defendants decide to either abandon their appeal or rescind the Mask

Mandate, Plaintiffs will be subject to the potential regulatory whiplash that accompanies this type of litigation, and their need for complete relief remains unchanged.

> 3. **Plaintiff Van Duyne's pending Motion for Preliminary Injunction should be converted to a motion for summary judgment and Defendants ordered to respond.**

As Plaintiff Van Duyne argued in her Brief in Response to the Court's March 17 Order (Doc. 18), this Court should use its inherent authority under Federal Rule of Civil Procedure 56(f) to consider summary judgment after giving Defendants notice and a reasonable time to respond, since the material facts are not genuinely in dispute here. *See generally*, *Spring St. Partners - IV, L.P. v. Lam*, 730 F.3d 427, 435-36 (5th Cir. 2013). Plaintiff Van Duyne's pending Motion for Preliminary Injunction demonstrates that this case presents only legal questions, and it would be appropriate to convert that motion to a motion for summary judgment and order Defendants to respond. *See United States v. Colomb*, 419 F.3d 292, 300 (5th Cir. 2005) (district courts enjoy "wide-ranging control over management of their dockets" (quoting *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004)); *see also Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1996) (district courts are "vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'"). Indeed, as noted in the Brief in Response to the Court's March 17 Order (Doc. 18), this Court has recently done just this. *See Texas v. United States*, 352 F. Supp. 3d 665, 669 (N.D. Tex. Dec. 30, 2018), *reversed on other grounds in California v. Texas*, 141 S. Ct. 2104 (2021).

### III. The plaintiffs in the HFDF Case raised similar arguments and asked for similar relief as Plaintiffs in this case.

The Court also ordered the parties to brief the similarity of the arguments and requested relief between this case and the HFDF Case. Plaintiffs here raise two similar arguments as the HFDF plaintiffs, though the plaintiffs in the HFDF Case raised more grounds for challenging the

Mask Mandate. Here, the plaintiffs brought two counts alleging that the Mask Mandate is unlawful: (1) that the CDC exceeded its statutory authority under 42 U.S.C. § 264(a); and (2) if the Court interprets the statute to allow the Mask Mandate, the statute violates the nondelegation doctrine. (Doc. 1). Plaintiffs' requested relief is that the court declare the Mask Mandate unlawful and set it aside. (*Id.*). Plaintiff Van Duyne also filed a motion for a preliminary injunction, though the State of Texas did not join. (Doc. 3).

The HFDF plaintiffs brought six counts in their Amended Complaint: (1) that the Mask Mandate exceeded its statutory and regulatory authority; (2) that the defendants violated the Administrative Procedures Act (the "APA") by failing to provide notice and comment; (3) that the defendants violated the APA by taking arbitrary and capricious action; (4) that, if the Mask Mandate does not exceed the defendants' authority under 42 U.S.C. § 264, it constitutes an unconstitutional delegation of legislative authority; (5) that President Bident's Executive Order Number 13998 constitutes an unconstitutional exercise of legislative power; and (6) that Executive Order 13998 violates the United States Constitution's separation of powers. (HFDF Case, No. 39).[5] For relief, they asked for judgment holding the Mask Mandate unlawful and to have it set it aside. (*Id.*).

Plaintiffs' argument here is materially the same as the HFDF Case plaintiffs first and fourth counts. HFDF plaintiffs briefed and argued these claims in their Response to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment. (FRC Case, Doc. 48 at 12-31, 41-43). Their arguments were similar to the ones Plaintiff Van Duyne offered in her Motion for a Preliminary Injunction, reply in support, and response to the Court's March 17, 2022, order. (Docs.

---

[5] The HFDF Plaintiffs later withdrew counts 5 and 6. (HFDF Case, docs. 53 at 8; 48 at 11 n.1).

3, 14, 18). The HFDF plaintiffs argued that 42 U.S.C. § 264(a) should be interpreted narrowly, using traditional methods of statutory construction and recent case law. (HFDF Case, doc. 48 at 12-21). In their view, if 42 U.S.C. § 264 was not construed narrowly, it would violate the nondelegation doctrine because it would give defendants legislative authority. (*Id.* at 41-43). These are substantially the same arguments that Plaintiffs have argued here.

Defendants also offered similar arguments in the HFDF Case that they offer here. Their main argument is that the Mask Mandate is a "sanitation" measure contemplated by 42 U.S.C. § 264(a). (Doc. 13 at 17-22; HFDF Case, doc. 45 at 13-20). Though Defendants have not fully responded to Plaintiffs on the merits in this case, there is little reason to believe that their arguments will be substantially different than the ones offered in the HFDF Case, where they also argued that any ambiguity should be resolved in their favor pursuant to *Chevron, U.S.A., Inc. v Natural Resources Defense Council Inc.*, 467 U.S. 837 (1984).

## CONCLUSION

The Court should order Defendants to respond to the merits of Plaintiffs' arguments and consider summary judgment. The future of the Mask Mandate is still undecided as the Middle District of Florida's order is not precedential and Defendants have filed a notice of appeal. There are no material facts in dispute and Defendants are on notice regarding the basis of Plaintiffs' legal challenge. These plaintiffs are entitled to as complete relief as expeditiously as possible. Until the HFDF Case is resolved in the Eleventh Circuit, or until Defendants drop the appeal, the threat of reimposition of the Mask Mandate prevents complete relief.

Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com

9

MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
NATE CURTISI
Arizona Bar No. 033342
ncurtisi@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:    (512) 472-2700
*Attorneys for Plaintiff Elizabeth Van Duyne*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

*/s/Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Chief, General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
christopher.hilton@oag.texas.gov
**COUNSEL FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

*/s/Matthew Miller*
MATTHEW MILLER