UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELIZABETH VAN DUYNE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, <br><br> Defendants. | Civil Action No. 4:22-cv-00122-O |

**DEFENDANTS' RESPONSE TO THE COURT'S APRIL 18, 2022 ORDER**

Defendants respectfully submit this response to the Court's April 18, 2022 Order, ECF No. 30, which posed three questions in light of the recent order in *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693 (M.D. Fla.).

**1. What effect, if any, the Middle District of Florida's judgment has on the relief requested in this case:** The recent decision in *Health Freedom* obviates any current need for this Court to resolve Plaintiff Van Duyne's motion for a preliminary injunction. The court in *Health Freedom* vacated the CDC's transportation mask order. *Health Freedom Def. Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ----, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022). That order took effect immediately. *See id.* at *22. As a result, since the afternoon of April 18, the federal government has not required anyone to wear masks on public transportation conveyances or at public transportation hubs, and CDC and TSA both promptly issued public statements to that effect.[1] Shortly thereafter,

---

[1] CDC, *Order: Wearing of face masks while on conveyances and at transportation hubs* (Apr. 18, 2022), https://perma.cc/4FPS-EP8V ("As a result of a court order, effective immediately and as of April 18, 2022, CDC's January 29, 2021 Order requiring masks on public transportation conveyances and at transportation hubs is no longer in effect. Therefore, CDC will not enforce the Order."); TSA, *Statement regarding face mask use on public transportation* (Apr. 18, 2022), https://perma.cc/NTJ2-MSNL ("Due to today's court ruling, effective immediately, TSA will no longer enforce its Security Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs. TSA will also rescind the new Security Directives that were scheduled to take effect tomorrow.").

all major United States airlines also issued statements making clear that they too would no longer require masks.[2]

Now that, in the wake of the order in *Health Freedom*, the CDC's transportation mask order is vacated and the federal government is not requiring Plaintiff Van Duyne (or anyone) to wear masks, the Court should hold Plaintiff Van Duyne's motion for a preliminary injunction in abeyance, pending further proceedings in *Health Freedom*. Should the government ultimately obtain *relief* from the *Health Freedom* order, and should a mask-wearing requirement remain necessary at that time, Plaintiff Van Duyne can request further relief (at which point, if necessary, the Court will already have the benefit of the parties' existing briefs).

In the alternative, if the Court determines to resolve Plaintiff Van Duyne's motion now—notwithstanding that there is nothing for the Court to enjoin—that motion can and should be denied on the ground that the vacatur ordered in *Health Freedom* prevents Plaintiff Van Duyne from demonstrating irreparable harm. *See* Mem. Op., *Andreadakis v. CDC*, No. 22-cv-52, ECF No. 87, at 13 (E.D. Va. Apr. 22, 2022) (denying preliminary injunction on the ground that "[t]he vacatur of the Mask Order by the United States District Court for the Middle District of Florida renders Plaintiff incapable of claiming any harm from the ongoing enforcement of the Mask Order"). After all, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). And to obtain one, "[w]ithout question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Plaintiffs are not suffering any ongoing or imminent harm—irreparable or otherwise—as a result of the challenged order. *See, e.g., California v. Trump*, 963 F.3d 926, 949 (9th Cir. 2020) (in litigation relating to construction of a physical barrier along the United States' southern border, it "was certainly not an abuse of discretion" for the district court to deny relief that "was duplicative of the relief the district court had already granted," even though that relief had later

---

[2] *U.S. airlines drop mask requirements for passengers, employees* (Apr. 19, 2022), REUTERS, https://perma.cc/6QNM-KK7Q (Alaska Airlines, American Airlines, Delta Air Lines, American Airlines, United Airlines, JetBlue, Southwest Airlines, Allegiant Airlines, Hawaiian Airlines, Spirit Airlines, and Frontier Airlines).

been stayed by a higher court); *Arizona v. Mayorkas*, No. 21-cv-617, --- F. Supp. 3d ----, 2022 WL 357348, at *15 (D. Ariz. Feb. 7, 2022) (denying relief because "there would be no point in preliminarily enjoining Defendants" from conduct that "Defendants are already precluded from engaging in" by another court order); *Faust v. Vilsack*, No. 21-cv-548, 2021 WL 2806204, at *2 (E.D. Wis. July 6, 2021) ("Regardless of this Court's ruling on Plaintiffs' motion, they have the protection they seek. No purpose would be served by this Court issuing another order granting (or denying) the same nationwide relief."); *Nat'l Urban League v. DeJoy*, No. 20-cv-2391, 2020 WL 6363959, at *11 (D. Md. Oct. 29, 2020) (denying duplicative injunctive relief "in the absence of any clear explanation from Plaintiffs regarding why the current injunctions imposed on Defendants are insufficient to address the harm"); *Washington v. Trump*, No. 17-cv-141, 2017 WL 4857088, at *6 (W.D. Wash. Oct. 27, 2017) ("[T]he Hawaii federal district court's injunction already provides Plaintiff States with virtually all the relief they seek in their TRO motion."); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017) ("[I]n light of the current nationwide injunction . . . by the United States District Court of the District of Hawaii, a stay would not impose any hardship on Plaintiffs or result in irreparable harm."); *Pars Equality Ctr. v. Trump*, No. 17-cv-255, ECF No. 84, at 2 (D.D.C. May 11, 2017) ("The existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain.").

The fact that the government has filed a notice of appeal in *Health Freedom*—just like in many of the cases cited above—does not warrant a different result. Unless and until Defendants actually obtain *relief* from the *Health Freedom* order, Plaintiff Van Duyne cannot possibly suffer any legally cognizable harm (let alone irreparable harm)—even if the Court were to accept all of the (mistaken) theories that she advanced in her motion. And an injury that is expressly contingent on possible future events is, by definition, not imminent or irreparable. *See, e.g.*, *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011) ("The party seeking a preliminary injunction must also show that the threatened harm is more than mere speculation."); *cf. Trump v. New York*, 141 S. Ct. 530, 535 (2020) (case not ripe if it is "dependent on contingent future events that may not occur as anticipated, or indeed may not occur

3

at all"). For these reasons, the Court should now hold in abeyance or deny Plaintiff Van Duyne's motion for a preliminary injunction.

As for Plaintiff the State of Texas, it has not filed any motion requesting any form of relief.

**2. The similarity of the arguments and requested relief between the two cases:** Plaintiffs' claims in this case are narrower than (and fully subsumed by) the arguments made (and accepted by the court) in *Health Freedom*. In this case, Plaintiffs allege only that the transportation mask order exceeds the CDC's legal authority. *See* Compl., ECF No. 1, ¶¶ 40-51. Plaintiffs in *Health Freedom* made (and prevailed on) that argument, but also made (and prevailed on) two additional arguments that Plaintiffs have not raised here: (1) that the order is arbitrary and capricious under the Administrative Procedure Act (APA), and (2) that the CDC improperly invoked the good-cause exception to the APA's notice-and-comment requirements. *See* 2022 WL 1134138 at *12-*20.

The relief requested by Plaintiff Van Duyne and the plaintiffs in *Health Freedom* is also quite similar—as relevant here, they each sought nationwide relief that would prevent the CDC from enforcing the transportation mask order against anyone. (Again, Plaintiff Texas has not filed any motion seeking any form of relief.)

One additional difference between the relief requested in the two cases warrants mention. Plaintiff Van Duyne has moved for a preliminary injunction. ECF No. 3. The plaintiffs in *Health Freedom*, by contrast—who filed suit seven months earlier than the Plaintiffs in this case—moved for summary judgment, and thus obtained a final judgment on the merits. Accordingly, unlike the *Health Freedom* plaintiffs, Plaintiff Van Duyne would not be entitled to that relief solely because she persuaded the Court on the merits—she would still have to carry her burden on each of the other three preliminary-injunction factors. As Defendants have explained, she has not done so here. *See* Defs.' Opp'n Br., ECF No. 13, at 9-17. (Indeed, she has seemingly abandoned her request for preliminary injunctive relief. *See* ECF No. 21 at 1-2.)

**3. What effect, if any, a stay of the Middle District of Florida's judgment would have on the relief requested in this case:** The government has filed a notice of appeal in *Health Freedom*, but has not filed a motion for a stay pending appeal. Accordingly, the Court's third question is

currently a purely hypothetical one. Nevertheless, if the government were to seek a stay in *Health Freedom*, and if such a motion were granted, Defendants' bottom-line position—that Plaintiff Van Duyne has failed to carry her burden to show entitlement to the "extraordinary remedy" that she seeks, *Winter*, 555 U.S. at 24—would be unchanged. In that circumstance, however, Defendants would withdraw the argument that the existence of the *Health Freedom* order, standing alone, remedied all of Plaintiffs' alleged harms and thus independently required denial of Plaintiff Van Duyne's motion.

|  |  |
|---|---|
| Dated: April 22, 2022 | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | CHAD E. MEACHAM<br>Acting United States Attorney |
|  | ERIC B. BECKENHAUER<br>Assistant Branch Director |
| By: | */s/ Stephen M. Pezzi*<br>STEPHEN M. PEZZI (D.C. Bar. No. 995500)<br>MICHAEL J. GERARDI<br>ANDREW F. FREIDAH<br>JOHNNY H. WALKER<br>  Trial Attorneys<br>United States Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>Telephone: 202-305-8576<br>E-mail: stephen.pezzi@usdoj.gov |
|  | *Counsel for Defendants* |