IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS,<br> *Plaintiffs,*<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA.<br> *Defendants.* | §§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:22-cv-00122-O |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' CROSS-BRIEF
REGARDING THE COURT'S ORDER (DOC. 30)**

Plaintiffs respond to Defendants' April 22 Cross-brief (Doc. 32) regarding the Court's order to brief three questions concerning the order in *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-CV-1693 (M.D. Fla) (hereafter, the "HFDF Case").

**I. The effect the Middle District of Florida's judgment has on the relief requested in this case.**

Despite the outcome of the HFDF Case, where the court directly rejected Defendants' claimed authority for the Mask Mandate, Defendants' Cross-brief shows they still believe the mandate to be lawful. (Doc. 32 at 3) (referring to Plaintiff Van Duyne's claims as "mistaken"). Instead of either accepting or rejecting the result, Defendants adopt some sort of middle ground

where they publicly say the order is necessary for public health and appeal[1] but will not commit as to whether they will seek a stay.

From the outside, it is difficult to decipher what Defendants intend to do, but they admit it is a "tactical strategy question." Charlie Savage and Sharon LaFraniere, *Analysis: The U.S. Appealed to Reinstate Masks. But is it Seeking to Win?*, New York Times (April 22, 2022) (available at: https://www.nytimes.com/2022/04/22/us/politics/biden-legal-strategy-mask-mandate.html) (statement of Attorney General Merrick Garland). Until Defendants can assure Plaintiffs of complete relief, the Court should continue to provide for the expeditious resolution of this case by ordering Defendants to brief the merits of Plaintiffs' claims.

Defendants' preferred course of action for the Court is to hold the motion for preliminary injunction in abeyance until the HFDF Case is heard on appeal. (Doc. 32 at 2). But this only furthers the uncertainty in this case and assures that Plaintiffs will be irreparably harmed if the Middle District of Florida's judgment is indeed stayed. Such an action also allows Defendants to continue to claim this authority under 42 U.S.C. § 264(a) while leaving open the possibility of future vacatur of the Middle District of Florida's order. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). This result is untenable for Plaintiffs and leaves their claims unresolved.

Further, while Defendants have said they will not enforce the Mask Mandate, they have nowhere conceded that an injunction applies nationwide. Indeed, that is likely to be an issue on appeal, although we cannot know until Defendants say. In both the HFDF Case and this one, Defendants have fought to keep remedies limited to the plaintiffs in the case. Here, they argued any relief should only be limited to Plaintiff Van Duyne. (Doc. 13 at 34). In the HFDF Case, they

---

[1] *CDC Statement on Masks in Public Transportation Settings*, CDC Newsroom (April 20, 2022) (available at: https://www.cdc.gov/media/releases/2022/s0420-masks-public-transportation.html).

similarly argued that any relief be tailored to the particular plaintiffs and that the APA does not require courts to invalidate a rule for the entire country. (HFDF Case, doc. 50 at 26). Defendants' repeated attempts to limit relief to only plaintiffs in each lawsuit is another reason to continue to move expeditiously towards resolving this case.

Defendants are on notice of Plaintiffs' claims and are familiar with their arguments. In fact, Defendants briefed similar claims when they submitted a motion for summary judgment in the HFDF Case. (*See* HFDF Case, doc. 45). There are no material facts in dispute. They have provided no reason why this Court could not advance this case to summary judgment—something they have also previously suggested. (Doc. 19). Instead of allowing Defendants to use the HFDF Case as a sword and a shield—by preventing resolution in this case while simultaneously appealing the HFDF case—the appropriate course of action would be to order Defendants to respond to the merits of Plaintiffs' claims so that they can be expeditiously resolved.

## II. The similarity of the arguments between this case and the requested relief between the two cases.

Plaintiffs generally agree with Defendants' representation of the arguments presented by the plaintiffs in this case and the HFDF Case. Defendants' characterization that Plaintiff State of Texas has not moved for any relief, however, fails to acknowledge that Texas asked for the same relief as Plaintiff Van Duyne in the Complaint. (Doc. 1). Additionally, Texas urged the court to "advance this matter quickly to a summary judgment hearing, and the Court should do so under any procedural mechanism that it deems appropriate. The State of Texas agrees with Plaintiff Van Duyne that the Court should order Defendants to respond to the merits of Plaintiffs' claims immediately and schedule a hearing thereon as soon as possible." (Doc. 22). Any difference in the relief requested between Plaintiffs in this case is purely academic and not a persuasive reason to delay ordering Defendants to respond to the merits of the case.

**III.     The effect an emergency stay of the Middle District of Florida's judgment would have on this case.**

Defendants refer to this inquiry from the Court as a "purely hypothetical" question because they have not filed a motion for a stay. (Doc. 32 at 5). Of course, this is only hypothetical because Defendants will not say whether they will seek a stay. Again their position is difficult for Plaintiffs to decipher. *See* Savage and LaFraniere, *Analysis*, *New* York Times. While obviously Defendants are free to deploy their preferred strategy when defending lawsuits, the Court should also recognize that the result is Plaintiffs are reasonable to believe they will be subject to the same unlawful action in the future—and perhaps the very near future. The Court should not reward Defendants' strategy by delaying the resolution of this case. *Cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."). Defendants' refusal to take a position creates uncertainty for Plaintiffs, and this uncertainty is exactly why the Court should order Defendants to brief the merits of Plaintiffs' claims.

## CONCLUSION

Defendants have provided no reason why they should not be ordered to respond to the merits of Plaintiffs' claims. Instead, their strategy appears to be to delay resolution while holding the threat of reimposing the Mask Mandate over Plaintiffs' heads. The Court should not play into Defendants' hands by allowing them to continue avoiding resolution of this case.

Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com

4

NATE CURTISI
Arizona Bar No. 033342
ncurtisi@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:     (512) 472-2700
Facsimile:      (512) 472-2728

*Attorneys for Plaintiff Elizabeth Van Duyne*


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

AARON F. REITZ
Deputy Attorney General for Legal Strategy

*/s/Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Chief, General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

5

## CERTIFICATE OF SERVICE

    I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

                                           */s/Matthew Miller*
                                           MATTHEW MILLER