## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| ELIZABETH VAN DUYNE, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 4:22-cv-00122-O |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | |
| Defendants. | |

### DEFENDANTS' REPLY REGARDING THE COURT'S APRIL 18, 2022, ORDER

In their response to the Court's April 18, 2022, order, Defendants explained why the recent order in *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ----, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), obviates any current need for this Court to resolve Plaintiff Van Duyne's motion for a preliminary injunction, which thus should be held in abeyance. If the Court wishes to decide the motion now, however, it should be denied—for all the same reasons as before, but now also for the additional reason that "[t]he vacatur of the Mask Order by the United States District Court for the Middle District of Florida renders Plaintiff incapable of claiming any harm from the ongoing enforcement of the Mask Order." Mem. Op., *Andreadakis v. CDC*, No. 22-cv-52, ECF No. 87, at 13 (E.D. Va. Apr. 22, 2022). And as for Plaintiff the State of Texas, no action by the Court is required: Texas has not filed any motion requesting any form of relief, so there is no relief for the Court to grant, nor even any motion to hold in abeyance.

Plaintiffs' joint filing offers no reason to chart a different course. In fact, the filing again suggests that Plaintiff Van Duyne has abandoned any interest in preliminary injunctive relief. *See* Pls.' Br., ECF No. 31, at 1 ("[T]he Court should convert Plaintiff Van Duyne's Motion for a Preliminary Injunction into a motion for summary judgment and order Defendants to respond to the merits of Plaintiffs claims."); *see also* ECF No. 18 at 13 (similar); ECF No. 20 at 1 (similar). Plaintiffs' filing does

not use the phrase "irreparable harm" even once.  For good reason: as the cases cited in Defendants' filing show—and as Judge Novak recognized on Friday in litigation challenging this same order—the *Health Freedom* court's nationwide vacatur of the CDC's order "renders Plaintiff[s] incapable of claiming any harm" from it.  Mem. Op., *Andreadakis v. CDC*, No. 22-cv-52, ECF No. 87, at 13 (E.D. Va. Apr. 22, 2022).

In pressing for duplicative relief, Plaintiffs speculate about "potential regulatory whiplash" were the *Health Freedom* order to ultimately be reversed on appeal. Pls.' Br. at 7.  But in terms of its obligations on an individual traveler like Plaintiff Van Duyne, this case bears no resemblance to the other actions that she references—like the CDC's eviction moratorium or OSHA's vaccine-or-test requirement for all employers of a certain size—which the plaintiffs there claimed created significant compliance costs for entire industries.  Plaintiff Van Duyne is not running a business—she simply prefers not to wear a mask when she flies.  Van Duyne Decl., ECF No. 3, at ¶ 6 ("I would not wear a mask at the airport or on the plane if it was not required.").  Of course, currently, she is not required to do so.[1]  But if that changes in the future as a result of CDC obtaining relief on appeal in *Health Freedom*, it would hardly represent "regulatory whiplash," much less irreparable harm.

Plaintiffs further argue that the "risk" of "potential regulatory whiplash" is "heightened by the fact that the judgment in the HFDF Case is not precedential here." Pls.' Br. at 5.  Plaintiffs are correct that the *Health Freedom* order does not bind this Court, but that misses the point: that order took effect immediately as to CDC, nationwide, and the government then immediately announced that it was not

---

[1] CDC, *Order: Wearing of face masks while on conveyances and at transportation hubs* (Apr. 18, 2022), https://perma.cc/4FPS-EP8V ("As a result of a court order, effective immediately and as of April 18, 2022, CDC's January 29, 2021 Order requiring masks on public transportation conveyances and at transportation hubs is no longer in effect.  Therefore, CDC will not enforce the Order."); TSA, *Statement regarding face mask use on public transportation* (Apr. 18, 2022), https://perma.cc/NTJ2-MSNL ("Due to today's court ruling, effective immediately, TSA will no longer enforce its Security Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs.  TSA will also rescind the new Security Directives that were scheduled to take effect tomorrow."); *see also U.S. airlines drop mask requirements for passengers, employees* (Apr. 19, 2022), REUTERS, https://perma.cc/6QNM-KK7Q (Alaska Airlines, American Airlines, Delta Air Lines, American Airlines, United Airlines, JetBlue, Southwest Airlines, Allegiant Airlines, Hawaiian Airlines, Spirit Airlines, and Frontier Airlines).

requiring anyone to wear masks—which is why Plaintiff Van Duyne is currently free to travel without a mask, even though she has not prevailed on any of her claims. This is a powerful illustration of Justice Gorsuch's and Chief Judge Sutton's critiques of universal remedies,[2] but the fact remains that Plaintiff Van Duyne has already received the precise relief she is seeking in this case, albeit from another court.

Plaintiffs assert that "relief is only 'complete' after there has been sufficient time for the Supreme Court to review the case," Pls.' Br. at 4, citing various decisions about when cases become moot. It is not clear what Plaintiffs mean by that, but even if this *case* is not moot, that does not save Plaintiff Van Duyne's preliminary-injunction motion. As the Supreme Court has recognized, those are distinct concepts: even if "the case as a whole remains alive," the distinct "issue of preliminary injunctive relief became moot" when the government stopped requiring Plaintiff Van Duyne to wear a mask when traveling, thus eliminating any source of allegedly irreparable harm. *University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981).

Plaintiffs ultimately propose that "[t]he Court should continue to move expeditiously to resolve this case by ordering Defendants to respond to the merits of Plaintiffs' claims, which have been largely briefed[.]" Pls.' Br. at 5; *but see id.* at 9 ("Defendants have not fully responded to Plaintiffs on the merits in this case[.]"). That is an odd way to put it: although Plaintiff Van Duyne's motion for a preliminary injunction is fully briefed, it is not at all clear she remains interested in a preliminary injunction, or even believes that she is currently suffering irreparable harm. No party has briefed the propriety of summary judgment. And Plaintiff Texas's claims have not been briefed *at all*. That means the Court currently lacks, for example, any briefing at all regarding whether Texas has Article III

---

[2] *See Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 601 (2020) (Gorsuch, J., concurring) (lamenting the "gamesmanship and chaos" created by the possibility of "conflicting nationwide injunctions," as well as the "asymmetric" effects in which "the government's hope of implementing any new policy could face the long odds of a straight sweep, parlaying a 94-to-0 win in the district courts into a 12-to-0 victory in the courts of appeal."); *Arizona v. Biden*, No. 22-3272, --- F. 4th ----, 2022 WL 1090176, at *11 (6th Cir. Apr. 12, 2022) (Sutton, C.J., concurring) ("The effect of them is to prevent the National Government from enforcing a rule or executive order without (potentially) having to prevail in all 94 district courts and all 12 regional courts of appeals.").

standing, or the appropriate remedy (if any) if Texas could show Article III standing. So, especially with respect to Texas's claims, there is nothing for the Court to order Defendants to respond *to*.

In sum, there is only one motion currently before the Court: Plaintiff Van Duyne's motion for a preliminary injunction. For the reasons above and in Defendants' prior filings, the Court should either hold it in abeyance pending further developments in *Health Freedom*, or deny it.

Dated: April 25, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: */s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar. No. 995500)
MICHAEL J. GERARDI
ANDREW F. FREIDAH
JOHNNY H. WALKER
   Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-8576
E-mail: stephen.pezzi@usdoj.gov

*Counsel for Defendants*