UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELIZABETH VAN DUYNE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>Defendants. | Civil Action No. 4:22-cv-00122-O |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE COURT'S MAY 13, 2022 ORDER

On May 13, the Court asked the parties to file briefs addressing (1) mootness, (2) injury-in-fact, and (3) irreparable harm in light of the expiration of the Transportation Security Administration ("TSA") orders assisting with the enforcement of the U.S. Centers for Disease Control and Prevention's ("CDC") transportation masking requirement. Defendants and Plaintiffs submitted response briefs on May 19. *See* ECF No. 37 (Defs.' Br.); ECF No. 38 (Pls.' Br.). Defendants respectfully submit the following reply.

**Mootness.** Plaintiffs contend that this case remains a live dispute over which this Court may exercise its jurisdiction. Pls.' Br. 4. On that bottom line, the parties appear to agree at this juncture, as Defendants "do not contend that this case is moot." Defs.' Br. 2.

**Injury-in-Fact.** Plaintiffs assert that they "continue to suffer an injury in fact" from the masking order. Pls.' Br. 7–8. That is mistaken, as Defendants are no longer requiring any public transportation passengers to wear masks. Defs.' Br. 1–2 & n.1. As a consequence, Plaintiff Van Duyne is free to fly without a mask, and any regulation of mask wearing on public transportation by the State of Texas is undisturbed. The cases Plaintiffs rely upon are not to the contrary. In *California v. U.S. Department of Health & Human Services*, 941 F.3d 410 (9th Cir. 2019), *vacated on other grounds*, 141

1

S. Ct. 192 (2020), the court held that it could still review the Administrative Procedure Act dispute before it, even assuming an injunction entered in another court "ha[d] a fully nationwide scope," under the "capable of repetition, yet evading review" doctrine. 941 F.3d at 423. Similarly, in *Florida v. Department of Health & Human Services*, 19 F.4th 1271 (11th Cir. 2021), the court recognized that, due to a prior preliminary injunction, its ruling could "accomplish nothing more," but it decided to proceed in light of the same exception to mootness. 19 F.4th at 1280–85. Both courts also cited "percolation" of issues as a "prudential concern[] militat[ing] in favor of" issuing a ruling with no practical effect. *Id.* at 1285–86; *see also California*, 941 F.3d at 422. But neither court contended that the plaintiffs were suffering an injury-in-fact at the time they ruled.

**Irreparable Harm.** Plaintiffs argue that "Defendants' contesting of the judgment in the [*Health Freedom*] [c]ase, and refusal to rescind the CDC Mask Mandate, constitute irreparable harm." Pls.' Br. 8. But Plaintiffs are not harmed, irreparably or otherwise, by Defendants' decision to file an appeal of an adverse order. The appeal does not cause any monetary harm to Plaintiffs and is hardly a "violation of our constitutional order." *Id.* Rather, "the current state of the Mask Order likely renders Plaintiff incapable of demonstrating irreparable harm" because Defendants are not requiring any public transportation passenger to wear a mask, and there is no imminent risk of their doing so simply because an appeal is pending. *Andreadakis v. CDC*, No. 3:22-cv-52, 2022 WL 1204771, at *6 (E.D. Va. Apr. 22, 2022); *see also Seklecki v. CDC*, Hr'g Tr. at 5:24–6:18 (Apr. 26, 2022), ECF No. 37-1 ("[T]here's no irreparable harm after the ruling of the judge in the Middle District of Florida."). There was no irreparable harm to either Plaintiff as a result of the masking order when this case was filed. P.I. Opp'n, ECF No. 13, at 9–16. That remains true today.

**Next Steps.** In closing, Plaintiffs ask "the Court to either issue injunctive relief or order Defendants to respond to the merits of Plaintiffs' arguments to consider summary judgment." Pls.' Br. 9. The Court should not enter injunctive relief for all the reasons Defendants gave in their opposition to Plaintiff Van Duyne's motion for preliminary relief and their supplemental filings, but particularly because Plaintiff Van Duyne has failed to demonstrate irreparable harm. (Texas has never even moved for injunctive relief.) As for summary judgment, Defendants already explained in their

reply to Plaintiff Van Duyne's response to the Court's inquiry regarding Federal Rule of Civil Procedure 65(a)(2) that it would be procedurally improper for the Court to base summary judgment solely on Plaintiff Van Duyne's supplemental brief and the preliminary injunction papers, especially in the absence of any submission by Texas. Defs.' Resp. to Pl. Van Duyne's Mar. 30, 2022 Br., ECF No. 21, at 2–5.

Accordingly, Defendants respectfully urge the Court to hold Plaintiff Van Duyne's motion in abeyance pending further proceedings in the *Health Freedom* case, or deny it.

Dated: May 23, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:  */s/ Michael J. Gerardi*
STEPHEN M. PEZZI
MICHAEL J. GERARDI (D.C. Bar. No. 1017949)
ANDREW F. FREIDAH
JOHNNY H. WALKER
   Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*