IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH VAN DUYNE, and THE STATE OF TEXAS,<br>　　*Plaintiffs*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-cv-00122-O |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, ROCHELLE P. WALENSKY, in her official capacity as Director of the CDC, SHERRI A. BERGER, in her official capacity as Chief of Staff of the CDC, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of HHS, and UNITED STATES OF AMERICA.<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' CROSS-BRIEF (DOC. 37)**

Plaintiffs herein respond to Defendants' May 13, 2022, cross-brief (Doc. 37) regarding the Court's order to brief three questions regarding the TSA's mask requirement. The parties agree that the case is not moot, and Plaintiffs continue to suffer an injury in fact. Therefore, the Court should grant Plaintiff Van Duyne's motion for a preliminary injunction, order Defendants to respond to the merits of Plaintiffs' claims—something that Defendants have already done in multiple other cases—and consider summary judgment.

**I.　　The parties agree the case is not moot.**

The parties agree the case is not moot. (Doc. 37 at 2). Defendants still maintain that the CDC Mask Mandate is lawful and seek to preserve their authority to implement it again in the future. They have not rescinded the executive order that instructed the CDC to develop the Mask Mandate, *Executive Order No. 13998*, 86 Fed. Reg. 7205 (Jan. 26, 2021), nor the Mask Mandate

itself, 86 Fed. Reg. 8025. Defendants likewise did not seek to moot the Wall Case, *see Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv975 (M.D. Fla), after the plaintiffs prevailed in the HFDF Case, *see Health Freedom Defense Fund, Inc. v. Biden*, No. 8:21-cv-1693 (M.D. Fla). Accordingly, all parties maintain an interest in the outcome and the dispute is live.

II.     **Plaintiffs still suffer an injury in fact and face a substantial risk of irreparable harm.**

Plaintiffs are still injured by the CDC Mask Mandate and face a substantial risk of irreparable harm. Defendants' argument that there is no injury in fact or irreparable harm because of the outcome of the HFDF Case misses the point. (*See* Doc. 37 at 2-3). Plaintiffs must show that they are "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiffs have shown exactly that.

The unlawful Mask Mandate applies to Plaintiffs. Defendants have not asserted otherwise. Even though TSA is not enforcing the CDC's Mask Mandate today, it retains the force of law and remains a concrete injury requiring all travelers to wear a mask on commercial and public transportation, and it is directly traceable to the CDC's Mask Mandate, the challenged action in this case. As evidenced by the HFDF, only a favorable judicial decision will prevent or redress Plaintiffs' injuries.

Further, in order to obtain a preliminary injunction, Plaintiff Van Duyne must only show "a substantial threat of irreparable harm." *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015). As of this filing, only one court decision appears to be standing between Defendants reinstating the Mask Mandate again. Defendants are currently appealing that decision. (Doc. 37 at 2).

Defendants continue to recommend wearing masks on airplanes, and President Biden continues to warn that Covid-19 is an ongoing threat. (Doc. 38 at 2-3). The outcome in the Wall Case further underscores that Plaintiffs are in a precarious position regarding the risk of Defendants reimplementing the Mask Mandate.

Lastly, Defendants' citations to cases that have abated or stayed cases pending the outcome of the Middle District of Florida cases on appeal are of limited value to this Court. They are not precedential in this case. *See Camreta v. Greene*, 563 U.S. 692, 709, n.7 (2011). They also represent a discretionary finding. In *Selecki v. CDC*, for example, the source of the transcript in Appendix A in Defendants' cross-brief, the trial court denied the motion for a preliminary injunction as moot and then stayed the portion of the case against the government defendants. (Doc. 37-1 at 5-9). A review of the transcript, however, makes it look like judicial economy and efficiency may have been a motivating factor, or at least a contributing one. During the hearing, the Court was considering "approximately thirteen motions" against multiple defendants including separate claims against airlines. (*Id.* at 4). In addition to the motion for a preliminary injunction, the court there was concerned about "becom[ing] the go-to court every time [the pro se plaintiff] has a problem with the airline." (*Id.* at 18).

Here, on the other hand, the issue is procedurally simpler and a straightforward legal question is presented. In that way, it is more like a similar case where Defendants have not asked to abate the motion for a preliminary injunction. *See Massie v Walensky*, No. 1:22-cv-00031 (W.D. Ky.). Defendants have not cited any precedential authority showing that the Court does not retain discretion to consider the pending motion for preliminary injunction. Accordingly, this Court has authority to manage its own docket to bring this case to an expedient resolution. Ruling on the

motion for preliminary injunction or requiring Defendants to address Plaintiffs' arguments on the merits would be an efficient way to do just that.

## CONCLUSION

The parties agree that this case is not moot. Further, Plaintiffs continue to face the threat of irreparable harm. The arguments in favor and in opposition to the Mask Mandate are well-known to Defendants and have been repeatedly briefed before. The Court should either grant a preliminary injunction in Plaintiffs' favor or require to Defendants to address their arguments on the merits and consider summary judgment.

Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
NATE CURTISI
Arizona Bar No. 033342
ncurtisi@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:    (512) 472-2700
Facsimile:    (512) 472-2728

*Attorneys for Plaintiff Elizabeth Van Duyne*


KEN PAXTON

Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

4

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

AARON F. REITZ
Deputy Attorney General for Legal Strategy

*/s/Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Chief, General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

5

## CERTIFICATE OF SERVICE

    I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

                                              */s/Matthew Miller*
                                              MATTHEW MILLER